## JOHN H. HOLMAN *v.* JOHN S. TAYLOR.

JURISDICTION OF DISTRICT COURTS.—The District Courts have jurisdiction of actions to recover one half the value of a partition fence, although the amount sought to be recovered is less than three hundred dollars. Such actions involve the title of the parties to their respective lands.

IDEM.—Section six of Article VI of the Constitution gives the District Courts jurisdiction of all actions in which the title or possession of real property is an issuable fact in the case, upon which the plaintiff relies for a recovery, or the defendant for a defense. ⊩It is not necessary that the title or possession be put in issue, but one or the other must be an issuable fact necessary to be averred in the pleadings.

IDEM.—District Courts have jurisdiction of all actions to recover damages for trespass upon lands, regardless of the amount of damages claimed.

THE writ of certiorari was sued out of the Supreme Court.

The other facts are stated in the opinion of the Court.

*W. Ross,* for the Writ, argued that the Court had no jurisdiction of the subject of the action, because it was an action at law, and the plaintiff claimed less than three hundred dollars.

*Latimer & McCullough,* against the Writ, argued that the foundation of the action was the ownership of land, and that the action therefore necessarily involved, the ownership. It was necessary for the plaintiff to aver in his complaint that he owned the land on one side of the fence. If the defendant

admitted title, the admission only superseded the necessity of the plaintiff proving the allegation. The effect was the same —the title was established by the admission of defendant, and that fact must be found before the Court could give judgment for plaintiff. He must be the owner to entitle him to recover.

By the Court, RHODES, J. :

The complaint, which was filed in the District Court, alleges that the plaintiff is the owner and in possession of a certain tract of land, inclosed by a fence erected by him on the boundary line of the land; that the defendant is the owner of an adjoining tract, on which he has made an inclosure, of which the plaintiff's fence constitutes one part, serving as a partition fence between the two tracts; that one half of the partition fence is of the value of two hundred dollars, and that the defendant has not paid said sum, or any part thereof, etc. The defendant's demurrer on the ground that the Court had no jurisdiction of the subject of the action being overruled, he answered, and judgment having been rendered for the plaintiff, the defendant has sued out a writ of certiorari.

The only point presented in support of the writ is that, under section six, Article VI, of the Constitution, the Court has no jurisdiction of the action. The language of the section applicable to the case is: "The District Courts shall have original jurisdiction   *   *   *   in all cases at law which involve the title or possession of real property."  *   *   * This provision was incorporated into the Constitution by the amendments adopted in 1862, there being no similar or analogous provision in the Constitution before that time. This language is not employed in the Constitution of any other State in describing the subject matter of jurisdiction conferred on the Courts, and consequently no aid in the interpretation of the peculiar language of ours can be derived from the construction given to the provisions of other Constitutions.

It is difficult to define with precision the word "involve" as it is employed in that section. Its primary signification is

to " roll up or envelop," and it also means " to comprise, to contain, to include by rational or logical construction," but none of these express the precise idea, and its exact synonym may not be found in a single word. The idea intended to be embodied in the phrase " cases at law which involve the title or possession of real property " may be expressed by the paraphrase : " cases at law in which the title or possession of real property is a material fact in the case, upon which the plaintiff relies for a recovery or the defendant for a defense." When the title or claim of title, the possession or right of possession, of real property, or any right growing out of or dependent upon either, is alleged in the pleadings as an issuable fact, the case is within the meaning of the constitutional provision.

Actions to recover the title or possession of real property are clearly included within that clause, and it comprehends also actions that are not brought with that object, but to obtain redress for an injury to the title or possession, or in the assertion of a right or claim directly springing therefrom. The *action of trespass* upon lands involves the possession of the lands, for the right of recovery depends upon the fact of possession and the right to the possession, as against the defendant. The action, it is true, is brought for the recovery of damages, but the damages are those arising from injuries to the plaintiff's possession ; and if it does not appear that he was in possession when the alleged injury was committed, and was then entitled to the possession, (if the defendant pleads *liberum tementum,*) the action will fail. The clause cannot be limited to cases in which the title or possession is in issue, for either the title or possession may be involved in the action, and the defendant may not take issue upon the allegation setting it up. The defendant in the action of ejectment may not controvert the plaintiff's allegations of title or right of possession, but may rest his defense upon the denial of the alleged ouster and damages, or the damages alone ; and still the case would involve the possession of real property. The fact or one of the facts upon which the right of recovery depends, may not be in issue, though issue might have been

taken upon it, yet the fact is involved in the action. Where title or possession of real property is merely a fact in controversy—where it is incidentally brought into the action, or is only collaterally in question—it cannot be said that the case involves the title or possession, within the meaning of that clause of the Constitution.

In the case at bar title is not a matter merely incidentally or collaterally connected with the subject matter of litigation, but it forms the very basis of it. The plaintiff's right of recovery depends primarily on his title to the lands upon which he erected the partition fence, and the defendant's liability depends on his title to the adjoining land on which he made an inclosure. The action is brought under the amendatory Act of 1860, concerning lawful fences, (Stats. 1860, p. 141,) which provides that: "When a fence has been erected by any person on the line of his land, and the person owning the land adjoining thereto shall make or cause to be made an inclosure on the opposite side of such fence, so that such fence may answer the purpose of inclosing his ground also, such person shall pay the owner of such fence already erected one half the value of so much thereof as serves as a partition fence between them," etc. Title in each of the parties to their respective tracts of land is essential to a recovery, and is involved in the action as fully in every sense as is the fact of the erection of the fence by either party. The statute affords to the owner of a tract of land, who has erected a partition fence, a remedy for the recovery of one half of the value of the fence from the owner of the adjoining tract, when the latter makes it contribute in forming an inclosure on his land; and although neither party should controvert the title of the other to his tract of land, yet the fact that each is so entitled must be alleged, and, if controverted, must be proven and found to be true, or no recovery can be had. Hence it appears that the title to real property of each party was involved in the action; and that jurisdiction of the action, so far as it depended upon that point, pertained to the District Court.

Writ dismissed.