[No. 11144.    Department One. — May 19, 1888.]

GAETANO COPERTINI, RESPONDENT, *v.* RICHARD OPPERMANN ET AL., APPELLANTS.

JURISDICTION OF SUPERIOR COURT — ACTION INVOLVING TITLE TO REAL PROPERTY — CONTRACT FOR SALE OF LAND — DEFECTIVE TITLE. — An action by a vendee to a contract for the sale of land to recover a part payment made on the purchase price, because of a defect in the title of the vendor, involves the title of real property, within the meaning of article 4, section 5, of the constitution, so as to vest original jurisdiction in the Superior Court, although the amount in controversy is less than three hundred dollars.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*A. D. Splivalo,* for Appellants.

The superior court had no jurisdiction of the action, as the title to real estate was only incidentally involved. (Code Civ. Proc., sec. 76, subd. 3; sec. 112, subd. 1; *Schroder* v. *Wittram,* 66 Cal. 636; *Pollack* v. *Cummings,* 38 Ind. 684; *Haven* v. *Needham,* 20 Vt. 183.)

*E. H. Rixford,* for Respondent.

The action directly involved the title to real property, and was within the jurisdiction of the superior court. (Const., art. 4, sec 5; *Holman* v. *Taylor,* 31 Cal. 338.)

BELCHER, C. C.— This action was commenced in the superior court of the city and county of San Francisco.

The complaint alleges: "That at said city and county of San Francisco, on the fifth day of May, 1884, said defendants, claiming to be the owners of a certain piece or parcel of land, situate on Maiden Lane, in said city and county [describing the land by metes and bounds], in writing agreed to sell and convey the same to said plaintiff for the price of two thousand four hundred dollars; that then and there plaintiff paid to them on account of such purchase price the sum of two hundred dollars, and then and there defendants agreed, among other things, to return said sum of two hundred dollars to plaintiff, if the title to said real property should be defective; that on examination the title of said defendants to said real property proved defective; and plaintiff alleges that the defendants have not, nor has either of them, a good title to said lands; that plaintiff has notified said defendants of the failure of their title as aforesaid, and demanded of them the said sum of two hundred dollars, and that they have refused and still refuse to repay the same to the plaintiff." And the prayer is for judgment against the defendants for the sum of two hundred dollars, with interest and costs.

The defendants demurred to the complaint on the ground that the court had no jurisdiction of the person of defendants or the subject of the action.

The demurrer was overruled, and thereupon defendants answered, denying that their title to the premises was defective, and alleging that it was altogether good and sufficient. Defendants also, by way of cross-complaint, set up their contract to sell to plaintiff the lot in question for two thousand four hundred dollars, the payment thereon by him of two hundred dollars, and an agreement on his part to pay the remaining two thousand two hundred dollars within thirty days from the date of the contract. And they alleged that after the expiration of the thirty days they tendered to plaintiff a good and sufficient conveyance of the said property, and demanded payment of the said sum of two thousand two hundred dollars, but plaintiff had refused to pay the same, or any part thereof, and that they were still ready and willing to perform the contract on their part.

Wherefore they prayed that the relief asked for by plaintiff be denied; that the contract made between the plaintiff and defendants be specifically performed; and that plaintiff be adjudged to pay defendants the sum of two thousand two hundred dollars on the execution by them to him of a good and sufficient deed of the premises.

The plaintiff answered to the cross-complaint.

In this condition of the pleadings the case was tried, and the court found that the defendants' title to the lot, which they had contracted to sell to plaintiff, was defective and not good, and that before the commencement of the action plaintiff notified defendants that their title had been found defective, and demanded from them the repayment of the two hundred dollars which he had advanced on account of the purchase price. Judgment was accordingly entered that plaintiff recover from defendants the two hundred dollars, with interest and costs.

The defendants appealed from the judgment, and have brought the case here on the judgment roll. They now insist—and this is the only point made—that the subject of the action was within the jurisdiction of a justice's court, and not within the jurisdiction of the superior court; and in support of their contention they cite *Schroder* v. *Wittram*, 66 Cal. 636.

The case cited does not decide the point. That was an action brought in a justice's court to recover back an advance payment made upon a contract similar to the one involved here. The case was tried in the justice's court upon an unverified answer, and judgment rendered in favor of the plaintiff. From that judgment an appeal was taken to the superior court, where a trial *de novo* was had, and a like judgment entered. An appeal was then taken to the supreme court, and the question was, whether that court had jurisdiction of the case, the judgment being for less than three hundred dollars. It was held that the court did not have jurisdiction, and the appeal was dismissed.

The principal opinion favors the theory of appellants here, but it was concurred in by only one justice beside its author. Of the other three justices who took part in the decision, two seem to have held that the case was one which, under section 838 of the Code of Civil Procedure, might have been transferred to the superior court, so as to give that court original jurisdiction to try it, but in the absence of such an application for transfer the justice could exercise jurisdiction. The third, the chief justice, thought the case as presented involved a question of title to land, and the justice of the peace had no jurisdiction.

From this statement it is apparent that the case did not decide the question presented here by appellant. Of course, the superior courts have original jurisdiction "in all cases at law which involve the title or possession of real property." The constitution so provides (article

6, sec. 5), and the code declares that "the parties to an action in a justice's court cannot give evidence upon any question which involves the title or possession of real property." (Code Civ. Proc., sec. 838.)

But when is the title or possession of real property so involved as to vest original jurisdiction in the superior courts? In *Holman* v. *Taylor*, 31 Cal. 338, the court, speaking by Rhodes, J., of the same language found in the constitution then in force, said: "It is difficult to define with precision the word 'involve' as it is employed in that section. Its primary signification is to 'roll up, or develop,' and it also means 'to comprise, to contain, to include by rational or logical construction,' but none of these express the precise idea, and its exact synonym may not be found in a single word. The idea intended to be embodied in the phrase, 'cases at law which involve the title or possession of real property,' may be expressed by the paraphrase: 'Cases at law in which the title or possession of real property is a material fact in the case, upon which the plaintiff relies for a recovery or the defendant for a defense.' When the title or claim of title, the possession or right of possession, of real property, or any right growing out of or dependent upon either, is alleged in the pleadings as an issuable fact, the case is within the meaning of the constitutional provision." The court further adds: "Where title or possession of real property is merely a fact in controversy,—where it is incidentally brought into the action, or is only collaterally in question,—it cannot be said that the case involves the title or possession, within the meaning of that clause of the constitution."

That was an action brought in the district court to recover the sum of two hundred dollars, one half of the value of a partition fence built by plaintiff on the alleged line between the lands of plaintiff and defendant. Defendant demurred on the ground that the court had no jurisdiction of the subject of the action, and the demurrer

was overruled. The supreme court held that, under the statute, plaintiff's right of recovery depended primarily upon his title to the land on which the fence was erected, and the defendant's liability depended upon his title to the adjoining land, and that, therefore, title to real property was involved, and the district court had jurisdiction.

In this case plaintiff sued for two hundred dollars, and his right to recover depended primarily upon whether defendants had a defective or good title to the lot of land which they had contracted to sell. If the title was defective, he had a clear right to recover, and if good, no cause of action whatever.

The words "good title" import that the owner has the title, legal and equitable, to all the land, and the words "defective title" mean that the party claiming to own has not the whole title, but some other person has title to a part or portion of the land. Now, as plaintiff could not recover if defendants had title to the property and could recover if they had not, it would seem that the title of real property was a material fact in the case, and was directly involved.

In our opinion, the court below had jurisdiction of the case, and the judgment should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.