[No. 15467.   Department One.—January 26, 1894.]

## JAMES D. HART, RESPONDENT, v. THE CARNALL-HOPKINS COMPANY, APPELLANT.

JUSTICE'S COURT—JURISDICTION—CONTRACT TO "LOCATE" PLAINTIFF ON GOVERNMENT LAND—TITLE AND POSSESSION OF REAL PROPERTY—APPEAL TO SUPREME COURT—DISMISSAL.—Where an action was brought in the justice's court to recover damages for a breach of contract to "locate" the plaintiff on certain vacant government land, and the defendant in its answer alleged that it did "locate" the plaintiff on vacant government land as agreed, and that no other person had any valid claim thereto, and that in consequence thereof the determination of the action would necessarily involve the question of title and possession of real property, a motion in the supreme court to dismiss an appeal from a judgment rendered in the superior court, on the ground that the justice's court had jurisdiction of the action, and the judgment of the superior court was final, will be denied.

ID.—ORIGINAL JURISDICTION OF SUPERIOR COURT—APPEAL FROM JUSTICE'S COURT.—The superior court has original jurisdiction of the subject matter of an action for damages for breach of a contract involving a question as to the title or possession of real property, and the fact that the case gained ingress to the court by appeal from the judgment of a justice's court rendered upon the merits of the case cannot affect the original jurisdiction of the superior court to hear and determine the cause.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*William H. Chapman,* for Appellant.

*Edwin L. Forster, Fisher Ames,* and *S. V. Costello,* for Respondent.

PATERSON, J.—This action was brought in the justice's court to recover the sum of two hundred and ninety-nine dollars and ninety-nine cents on a contract which reads as follows:

"SAN FRANCISCO, July 22, 1892.

"Received of J. D. Hart, Esq., one hundred ($100) dollars, in full payment for ten (10) shares of the capital stock of the San Carlos Oil Company, and our services for locating the said J. D. Hart, Esq., on the limit of the number of acres allowed by the homestead law, not to exceed one hundred and sixty (160) acres. Said location to be on vacant government land in San Benito county, California.

"THE CARNALL–HOPKINS COMPANY,

"By Gibbs & Zimmerman,

"Mngs. C. A. Dep."

It is alleged in the complaint that defendant failed to locate the plaintiff on certain vacant government land, or any land at all. In a verified answer the defendant denied each and every allegation of the complaint, and alleged that a determination of the action would necessarily involve the question of title and possession of real property; that the defendant did locate plaintiff on vacant government land in San Benito county, and that no person had any valid claim thereto at the time. Judgment was entered in favor of the plaintiff for the sum of one hundred and sixty-five dollars, ten dollars interest and costs of suit. Thereupon the defendant appealed to the superior court on questions of law and fact, where judgment was again entered in favor of plaintiff, and from this judgment defendant has appealed to this court.

CI. CAL.—11

Respondent has moved to dismiss the appeal on the ground that as the justice's court had jurisdiction of the cause of action, the judgment of the superior court was final.

Our code provides that "the parties to an action in a justice's court cannot give evidence upon any question which involves the title or possession of real property . . . . ; and if it appear from the answer of the defendant, verified by his oath, that the determination of the action will necessarily involve the question of title or possession to real property, . . . . the justice must suspend all further proceedings in the action, and certify the pleadings . . . . to the superior court of the county." The constitution gives the superior court jurisdiction in "all cases at law which involve the title or possession of real property. The question is whether the issue as framed in the justice's court involved the title or possession of real property." In *Holman* v. *Taylor*, 31 Cal. 338, the court said: "The idea intended to be embodied in the phrase, 'cases at law which involve the title or possession of real property,' may be expressed by the paraphrase, 'cases at law in which the title or possession of real property is a material fact in the case, upon which the plaintiff relies for a recovery, or the defendant for a defense.'" In *Copertini* v. *Opperman*, 76 Cal. 181, it was held that a vendee's right to recover a sum less than three hundred dollars in the justice's court caused by a defect in the title of the vendor depended primarily upon whether the defendants had a defective or good title which they had contracted to sell, and that the superior court had original jurisdiction to hear and determine the controversy, although the amount claimed was less than three hundred dollars.

It is clear, we think, that the fact that the land was not vacant, that is to say that it was in the possession of another claiming the right to hold the same, "is a material fact in the case, upon which the plaintiff relies for a recovery." The court could not decide the issue without determining the question whether the land

upon which the defendant attempted to locate the plaintiff was in fact in the possession of another.

Although the nature of the evidence cannot be considered in determining the question of jurisdiction, it may not be improper to say in illustration of the test given, that the evidence in the record shows clearly that the main question before the court before was whether or not the land was vacant, and to show that it was not the respondent himself introduced a decision of the register and receiver showing that one Benvenga had made actual settlement on the land, and was a *bona fide* settler thereon at the time Hart attempted to make an entry. The evidence further tends to show that Benvenga was in the actual possession of the land.

"The superior court had original jurisdiction of the subject matter, and the fact that the case gained ingress to it by a way other than the front door in no manner affects its jurisdiction to hear and determine the cause." (*Santa Barbara* v. *Eldred*, 95 Cal. 381.)

Motion denied.

DE HAVEN, J., concurred.

HARRISON, J.—I concur in denying the motion. The complaint alleges that the plaintiff paid to the defendant one hundred dollars in consideration of its agreement to "locate" him on certain vacant government land in the county of San Benito, and that the defendant had wholly failed to carry out its agreement. In its answer the defendant alleges that it did so "locate" the plaintiff, and that the property on which the location was made was "open to location," and that no other person had any "valid claim thereto"; and that in consequence thereof the determination of the action involved the title and possession of real property. From these averments we cannot determine whether the title or possession of real property is necessarily involved. What significance must be given to the term "locate" must depend upon the sense in which it was used by the par-

ties to the agreement and whether the property upon which the defendant claims to have "located" the plaintiff in purported performance of its agreement was "open to location," or whether any person had a "valid claim" thereto, may present questions involving the title or possession of real property. Upon the present motion we are limited to the averments in the pleadings, and cannot look at the evidence introduced in support thereof. If upon the hearing of the appeal on its merits, it shall appear that the case before the court below did not involve the title or possession of real estate, we can then dismiss the appeal. But upon the matter as now presented, the motion should be denied.