[No. 15467.   Department Two.—June 16, 1894.]

## JAMES D. HART, RESPONDENT, *v.* THE CARNALL-HOPKINS COMPANY, APPELLANT.

JUSTICE'S COURT—JURISDICTION—TITLE OF REAL PROPERTY—CONTRACT TO LOCATE HOMESTEAD CLAIMANT.—A complaint in the justice's court to recover the sum of one hundred dollars, paid upon a contract to locate the plaintiff on certain government land, not to exceed one hundred and sixty acres, allowed by the homestead law, for failure of the defendant to fulfill the contract, does not necessarily involve the title or possession of real property, and could only involve it upon evidence showing a question as to whether the land pointed out was in the possession of some other person.

ID.—ANSWER OF DEFENDANT—CONTINGENT QUESTION AS TO REALTY.—An answer that the defendant is informed and believes that the plaintiff claims that the lands were not vacant government lands, but that they were in the possession of some other person, and that defendant alleges the contrary, and that, in consequence thereof, the determination of the action involves the title and possession of real property, does not show that the title or possession of real property is necessarily involved, but only that it may become involved upon the happening of certain contingent events which may appear in proof.

ID.—JURISDICTION OF JUSTICE—DUTY TO TRANSFER CAUSE.—Where the pleadings do not show upon their face that the title or possession of property is necessarily involved, but only that it may contingently become involved, the justice of the peace has jurisdiction to try the cause and to render a final judgment, unless it appears that the predicted contingent events actually occur on the trial, and if they occur during the trial, it is the duty of the justice to decline to hear evidence touching the question of possession, and to certify the case to the superior court.

ID.—STATEMENT UPON APPEAL.—Where the pleadings do not show that the right of possession of real property was or became involved on the trial in the justice's court, if it did in fact become involved, and the justice's court refused to determine the cause, the only way to bring the case before the appellate court is by a statement on appeal according to section 975 of the Code of Civil Procedure.

ID.—APPEAL UPON QUESTIONS OF LAW AND FACT—DUTY OF SUPERIOR COURT—TRIAL DE NOVO.—Where an appeal is taken upon questions of law and fact, without a statement of the case or any thing in the record to show that the justice's court exceeded its jurisdiction, it is not the

duty of the superior court to reverse the judgment of the justice's court, and remand the cause with instruction to certify a transcript thereof back to the superior court, but it is proper for it to try the cause *de novo.*

ID.—ORIGINAL JURISDICTION OF SUPERIOR COURT—REAL PROPERTY—APPEAL FROM JUSTICE'S COURT.—The superior court has original jurisdiction of all questions pertaining to the title or possession of real property, and having jurisdiction of the parties upon the appeal from the justice's court, may properly try an issue as to the possession and right of possession of land.

ID.—APPEAL TO SUPREME COURT—REAL PROPERTY INCIDENTALLY INVOLVED.—The fact that jurisdiction to inquire into the possession and right of possession of the land upon which the defendant agreed to locate the plaintiff was only incidentally involved, and that that question arose upon the trial of the cause in the superior court, does not prevent the supreme court from entertaining jurisdiction upon appeal from the judgment of the superior court, where it appears that the superior court must have decided the question when raised in order to determine the cause.

ID.—REJECTION OF EVIDENCE—ADMISSION—HARMLESS ERROR.—The rejection of evidence of an admission of plaintiff made in a letter, which would have added nothing to the plaintiff's testimony and admissions already made on the trial, without evidence to the contrary, is a harmless error.

ID.—FINDING—VACANT LAND.—A finding that the defendant did not offer to locate the plaintiff on any vacant, unoccupied government land, involves a finding that no land upon which defendant located the plaintiff was vacant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*William H. Chapman,* for Appellant.

Upon filing the verified answer, putting in issue the right of possession of the parcel of land in question, the justice's court was ousted of jurisdiction, and prohibited from proceeding any further. (Code Civ. Proc., sec. 838; *County of Monterey* v. *Abbott,* 77 Cal. 541; *Powell* v. *Sutro,* 80 Cal. 560; *Santa Barbara* v. *Eldred,* 95 Cal. 381.)   And if the justice's court proceeds to trial in such a case, the remedy is by appeal to the superior court.   (*Clark* v. *Minnis,* 50 Cal. 510.)   And there having been no jurisdiction in the justice's court to try the case, the superior court, by the appeal, has jurisdiction

only to review the question of the right of the justice
to try the case at all, and can get jurisdiction to try the
case only in the mode pointed out by section 838 of the
Code of Civil Procedure, by having the record certified
to it from the justice's court. (*Santa Cruz* v. *Santa
Cruz R. R. Co.*, 56 Cal. 147; *Santa Barbara* v. *Stearns*, 51
Cal. 501; *People* v. *Mier*, 24 Cal. 72; *Santa Barbara* v.
*Eldred*, 95 Cal. 381.) And the defendant has the right
to try the case in the justice's court after his objections
are overruled, and then question the power of the court.
(*Arroyo D. & W. Co.* v. *Superior Court*, 92 Cal. 52; 27 Am.
St. Rep. 91.) The course pursued in the case at bar was
proper. (*Santa Barbara* v. *Eldred*, 95 Cal. 380.)

*Edwin L. Foster, Fisher Ames*, and *S. V. Costello*, for
Respondent.

Appellant having appealed to the superior court on
questions of both law and fact, thereby submitted itself
to the jurisdiction of the superior court; and the only
course the superior court could pursue was to grant
and insist upon a trial *de novo*. (Code Civ. Proc., sec.
976; *Coyle* v. *Baldwin*, 5 Cal. 75; *Southern Pacific R. R.
Co.* v. *Superior Court*, 59 Cal. 474, 475; *Acker* v. *Superior
Court*, 68 Cal. 246.) Appellant cannot claim to be
aggrieved by any act on the part of the justice of the
peace before whom the case was tried. It had a plain
and speedy remedy for the relief it sought, and it
accepted that remedy. (Code Civ. Proc., sec. 974; *Clark*
v. *Minnis*, 50 Cal. 510.) The title or possession to real
property was only incidentally involved, if involved at
all, and therefore the justice's court had jurisdiction
of the action. (*Schroeder* v. *Wittram*, 66 Cal. 636; *Pollock* v. *Cummings*, 38 Cal. 684.)

VANCLIEF, C.—This action was commenced in the
court of a justice of the peace to recover damages consequent upon the alleged nonperformance of an agreement.

It was alleged in the complaint that, in consideration

of one hundred dollars, the defendant agreed " to locate the plaintiff on certain vacant government land in the county of San Benito, state of California; but this plaintiff avers that said defendant failed to carry out and fulfill said contract and agreement, in that they (it) failed and neglected to locate this plaintiff on said or any lands pursuant to their said contract."

A copy of the contract is set out in the complaint as follows:

" SAN FRANCISCO, July 22, 1892.

" Received of J. D. Hart, Esq., one hundred ($100) dollars, in full payment for ten (10) shares of the capital stock of the San Carlos Oil Company, and our services for locating the said J. D. Hart, Esq., on the limit of the number of acres allowed by the homestead law, not to exceed one hundred and sixty (160) acres. Said location to be on vacant government land in San Benito county, California.

" THE CARNALL-HOPKINS Co.,
" By Gibbs and Zimmerman,
"Mngs. C. A. Dep."

Those parts of the verified answer of the defendant pertinent to the questions raised on this appeal are substantially as follows:

1. Defendant alleges " that the determination of this action will necessarily involve the question of title and possession to real property, to wit: the title and possession of the northwest quarter of section 27, township 16 south, of range 10 east, county of San Benito, state of California."

2. Admits the execution of the instrument of July 22, 1892, above set out, and the receipt of one hundred dollars therein mentioned; and alleges " that defendant did locate plaintiff on vacant government land in San Benito county, California, and said location was on the northwest quarter of section 27, township 16 south, range 10 east, in said county, and said property was at said time open to location, and no other person had any valid claim thereto . . . . That defendant is informed and believes

that plaintiff claims that said lands were not vacant gov-
ernment lands, but that they were in the possession of
some other person; and defendant alleges that they were
vacant government lands, and not in the possession of
any other person at the time of the location of plaintiff
thereon; and, in consequence thereof, the determination
of this action involves the title and possession of real
property. . . . . Wherefore, defendant asks that judg-
ment be rendered and entered in favor of defendant for
its costs; that plaintiff take nothing herein; and that
this court suspend all further proceedings herein."

The docket of the justice of the peace shows that the
action was tried January 3, 1893, the parties being
represented by their attorneys; that three witnesses tes-
tified on behalf of plaintiff, and that no evidence was
offered on behalf of the defendant; and that the cause
was submitted by the parties, and that judgment was
rendered in favor of the plaintiff for the sum of one
hundred and sixty-five dollars damages and for costs.

From this judgment the defendant appealed to the
superior court of the city and county of San Francisco
" upon questions of both law and fact."

The cause was tried *de novo* in the superior court,
where plaintiff again recovered judgment against the
defendant for the sum of one hundred and sixty-eight
dollars and eighty-five cents and costs, from which and
from an order denying its motion for a new trial the
defendant appealed to this court.

Respondent moved in Department One of this court
to dismiss the appeal, on the ground that the judgment
of the superior court was final. On this motion an
opinion denying it was written by Mr. Justice Paterson,
concurred in by Mr. Justice De Haven. Mr. Justice
Harrison concurred in the order denying the motion,
but, after alluding to the averments of the complaint
and answer above set out, said:

" From these averments we cannot determine whether
the title or possession of real property is necessarily
involved. What significance must be given to the term

'locate' must depend upon the sense in which it was used by the parties to the agreement, and whether the property upon which the defendant claims to have 'located' the plaintiff in purported performance of its agreement was 'open to location,' or whether any person had a 'valid claim' thereto, may present questions involving the title or possession of real property. Upon the present motion we are limited to the averments in the pleadings, and cannot look at the evidence introduced in support thereof. If, upon the hearing of the appeal on its merits, it shall appear that the case before the court below did not involve the title or possession of real estate, we can then dismiss the appeal. But upon the matter as now presented the motion should be denied."

Upon the whole record, including the evidence brought up in the bill of exceptions, on which the motion for a new trial was made, the sense in which the word "locate" was used, understood, and acted upon by the parties is quite apparent. It is that the defendant was to lead or direct the plaintiff to, and point out to him, public land of the United States which was subject and open to be settled upon and entered as a homestead by any person having the qualifications required by law to settle upon and enter such land. Of course, the settlement and entry were to be made by the plaintiff himself, according to the laws of the United States, which will not permit these acts to be done for him by another. And so the plaintiff understood and acted upon the contract. After the northwest quarter of section 27, township 16 south, had been pointed out to him by defendant, the plaintiff applied at the United States land office "to file upon" that quarter section under the homestead laws, and paid the requisite fees, etc., for that purpose; and it appeared, from the evidence on the trial in the superior court, that his only complaint was that the land was not subject or open to a homestead settlement or entry, for the reason that one Benvenga had made a prior settlement thereon, and was in possession

thereof at the time the land was pointed out to him by
defendant, and at the time he applied to the land office
to file his application. On the trial in the superior
court, it having been proved and admitted that the land
had been selected and pointed out to plaintiff by defend-
ant, and that it was government land, the question arose
whether or not Benvenga was a settler upon, and was
entitled to, the possession at the time the land was
pointed out to plaintiff by defendant; and this question
was material for the purpose of determining whether
the defendant had complied with its contract to point
out *vacant* public land, and was the principal question
contested in the superior court, although it does not
appear to have arisen or to have been tried in the jus-
tice's court; and, I think, as suggested by Mr. Justice
Harrison, that the pleadings do not show that title or
possession of real property was or would be necessarily
involved in the trial. The allegation of the complaint
is that the defendant failed to point out ("to locate the
plaintiff on") any land pursuant to the agreement; and
had the proof shown that defendant had failed to point
out to plaintiff any government land, such proof would
have disposed of the case in plaintiff's favor, regardless
of any question of title or possession of real property;
and, for aught that appears, such may have been the
proof in the justice's court, where, as shown by the
record, the defendant introduced no evidence whatever.
Nor did it appear by the answer of the defendant that
title or possession of real property was necessarily
involved, but only that it would become involved upon
the happening of certain contingent events, namely: If,
in case of proof that defendant pointed out to plaintiff
government land, the plaintiff should then claim, as
defendant was informed and believed he would, that
such land was not *vacant* government land, but was in
the possession of some other person. Besides, the
answer contained no prayer for a transfer of the cause
to the superior court; nor does it appear that either of

the contingent events above mentioned happened in the
justice's court.

For aught that appears on the face of the record here,
the justice of the peace did not exceed his jurisdiction
in proceeding to try the case, nor in rendering final
judgment, since it does not appear that the predicted
contingent events occurred on the trial in the justice's
court.   Had they occurred during that trial, however,
the justice, in obedience to section 838 of the Code of
Civil Procedure, should have declined to hear evidence
touching the question of possession thereby raised, and
should have certified the pleadings (both written and
oral) with a copy of his docket, to the superior court;
and if he had failed or refused to do so, the defendant
might have appealed on questions of law alone, where-
upon, by a statement, according to section 975 of the
Code of Civil Procedure, he could have shown the occur-
rence of the contingent events predicted in his answer,
and that evidence had been admitted upon the question
as to whether the land " was in the possession of some
other person"; but in no other way could he have made
it appear to the appellate court that the right of posses-
sion of real property became involved on the trial in
the justice's court; since it did not so appear on the
face of the pleadings, nor from the copy of the docket,
or any other paper which the justice was required to
transmit to the superior court.   It is true, however,
that if the pleadings had shown that the right of pos-
session of real property was *necessarily* involved, or if
the docket or other papers properly sent up by the jus-
tice had shown a want of jurisdiction for any other rea-
son, there would have been no necessity for a statement
(*Southern Pacific R. R. Co.* v. *Superior Court*, 59 Cal. 474);
but in the case at bar no error appears in the docket or
other papers sent up by the justice.   Besides, instead
of appealing on questions of law alone, the defendant
appealed upon questions of both law and fact, thereby
necessitating a trial *de novo* in the superior court; yet,
when the case was called for trial in that court, and the

plaintiff proceeded to offer evidence, defendant objected
to any trial *de novo*, on the alleged ground that the
superior court had no jurisdiction, for the reason that
the justice's court had not jurisdiction of the subject
matter originally, claiming that it appeared by the
answer that a question as to the possession of real prop-
erty was necessarily involved. The court overruled this
objection, and proceeded with the trial, to which the
defendant excepted.

The principal point urged here by the appellant is that
the superior court erred in overruling this objection,
and in trying the case *de novo*, whereas it should have
reversed the judgment of the justice's court and re-
manded the cause, with instruction to certify a tran-
script thereof back to the superior court in the mode
provided by section 838 of the Code of Civil Procedure.

Conceding, for the sake of the argument, that the jus-
tice's court had not jurisdiction of the subject matter,
and that the superior court had no appellate jurisdiction
to try the issue as to the possession of real property, yet
the superior court had original jurisdiction of all ques-
tions pertaining to possession of real property, and hav-
ing jurisdiction of the parties, properly tried the issue
as to whether Benvenga was entitled to possession of
the land, that being the only material issue contested
in the superior court. (*City of Santa Barbara* v. *Eldred*,
95 Cal. 378.) The defendant cannot be heard to deny
that the superior court had jurisdiction of the parties,
since it not only appealed the case to that court, to be
there tried on questions of both law and fact, but it vol-
untarily appeared, and moved for judgment of reversal
on the record which it had procured to be transmitted
to that court, and also made its defense on the merits
by offering evidence on the trial—and all this, without
even suggesting that its appearance was limited to any
special purpose. Nor, as before remarked, did it appear
on the face of the transcript transmitted to the superior
court that the right of possession of real property was
necessarily involved, nor that any issue relating to such

possession had been tried in the justice's court. For aught that appears, that issue was first developed in the course of the trial in the superior court, by proof that defendant had pointed out to plaintiff government land, representing it to be vacant, and by evidence on the part of plaintiff tending to prove that the land so pointed out *was not vacant.* When this issue was thus developed, the superior court was not obliged, as contended by appellant, to reverse the judgment of the justice of the peace, and to remand the case for the purpose of having it transferred to the superior court, according to section 838 of the Code of Civil Procedure, in order to obtain original jurisdiction to try it, since the superior court had such original jurisdiction, without this circuitous, dilatory, and vain process. Yet the relief asked here by appellant requires a still more circuitous and dilatory proceeding, which is, that this court reverse the judgment and order of the superior court, and remand the cause, " with instructions to vacate the judgment of the justice's court, and order the papers certified to the superior court in accordance with section 838 of the Code of Civil Procedure"—and all this, it is claimed, is necessary to give the superior court original jurisdiction of the subject matter.

From the foregoing considerations it follows that the superior court obtained original jurisdiction of the issue as to the possession of Benvenga, and did not err in trying the case *de novo.* And, from this conclusion, that the superior court properly exercised original jurisdiction, it further follows that this court has appellate jurisdiction, and should deny respondent's motion to dismiss the appeal.

In opposition to this second conclusion, however, it is urged by respondent that possession of real property was only *incidentally* involved, and, therefore, the superior court had not original jurisdiction, and to this point respondent cites the case of *Schroeder* v. *Wittram,* 66 Cal. 636, in which the opinion of Mr. Justice McKee (in Bank) seems to countenance his contention. But

that opinion was concurred in by only one of the other justices, while two justices concurred in the judgment only upon other grounds, and the chief justice wholly dissented. Therefore, the opinion of Mr. Justice McKee on this point cannot be regarded as authoritative, and was not so considered in the latter case of *Copertini* v. *Oppermann*, 76 Cal. 181. It is clear that it was developed by the plaintiff's evidence on the trial in the superior court that Benvenga's prior settlement and right of possession were conditions upon which plaintiff's right to recover depended, and that the court must have decided whether or not these conditions existed, in order to determine the case; and it appears that evidence tending to prove them was introduced by plaintiff. It follows that the possession of real property was necessarily involved in the sense of section 4 of article VI of the constitution, which gives this court appellate jurisdiction "in *all cases* at law which involve the title or possession of real estate," without excepting cases in which the title or possession is only *incidentally* involved. If the issue of title or possession is so involved that it must be decided in order to determine the case, the superior court has original, and in this court appellate, jurisdiction, whether the involution may be said to be merely incidental or not. (*Copertini* v. *Oppermann*, 76 Cal. 181; *Holman* v. *Taylor*, 31 Cal. 341; Code Civ. Proc., sec. 838; Const., art. VI, secs. 4, 5, 11.)

On the hypothesis that the superior court did not err in trying the case *de novo*, counsel for appellant contend that the judgment should be reversed for errors occurring at the trial.

Only two of these points are sufficiently plausible to merit consideration, one of which is that the court erred in sustaining plaintiff's objection to the introduction in evidence of the following letter, offered by defendant:

"SAN BENITO COUNTY, July 24, 1892.

"GENTLEMEN: I have located upon the N. W. quarter of section 27, T. 16 S., R. 10 E., and am well pleased

with my location, and have found every thing as repre-
sented to me by your agent.        James D. Hart."

Conceding that the court should have admitted this
letter, I think the error was harmless.

Plaintiff filed his application in the land office August
1, 1892, six days after writing this letter, and twenty-
three days before Benvenga filed his application for the
same land and gave notice of his contest, which he did
on August 24, 1892.   Before the letter was offered by
defendant, plaintiff had repeatedly testified that until
he received notice of Benvenga's adverse claim he was
well pleased and fully satisfied with the land, and there
was no evidence to the contrary.   The proffered letter
would have added nothing to plaintiff's testimony and
admissions on the trial.

It is also contended that there is no finding upon the
issue tendered by the answer " as to the land being open
and vacant."

The finding is: " But that said defendant failed to
carry out and fulfill its contract and agreement, in that
they failed and neglected to locate this plaintiff on said
land, or any land or lands, pursuant to their said con-
tract; nor has said defendant, since the date of said
contract and agreement, ever offered to locate said
plaintiff on any *vacant, unoccupied* government land in
said San Benito county, or elsewhere."

This is a finding that no land upon which defendant
located the plaintiff was *vacant*, and fully disposes of
the issue.

I think respondent's motion to dismiss the appeals
should be denied, and that the judgment and order
appealed from should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion, re-
spondent's motion to dismiss the appeals is denied, and
the judgment and order are affirmed.

                    McFarland, J., Fitzgerald, J.

De Haven, J., concurred in the judgment.