[L. A. No. 544. Department Two.—November 6, 1899.]

JAMES BOYD, Respondent, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, Appellant.

126 571
131 217

JUSTICE'S COURT—SUPERIOR COURT—APPEAL TO SUPREME COURT—RAIL-ROAD—PRESUMPTION.—On an appeal from a judgment of the superior court, in an action against a railroad company to recover one hundred dollars damages for killing a colt, it cannot be presumed, notwithstanding such facts are assumed in the briefs on each side, that the case was tried in the justice's court without raising a question of title by a verified answer, or that it went to the superior court by appeal upon questions of law and fact, when all that the record shows in regard to the justice's court is that the complaint was entitled therein, and was indorsed as filed by a justice of the peace, and as subsequently filed by the county clerk, and that an amended answer was filed in the superior court.

ID.—FENCES—TRESPASSING ANIMALS—TITLE TO LAND—JURISDICTION.—An action brought in a justice's court against a railroad company, under section 485 of the Civil Code, by an owner of adjoining land, to recover for the killing of a colt alleged in the complaint to have strayed upon the defendant's track by reason of the insufficiency of a division fence which it was the duty of the defendant to maintain, and in which no negligence other than a neglect to keep the fence in repair is charged, necessarily involves the question of the title to such land, whether the plaintiff's ownership was denied or not, and is properly transferred to the superior court, without the necessity of a verified answer raising an issue of title. And the supreme court has jurisdiction of an appeal from a judgment of the superior court rendered in favor of the plaintiff for less than three hundred dollars.

ID.—INSTRUCTIONS—PLACE OF KILLING.—In such an action, where the evidence was entirely circumstantial, and conflicting as to whether the animal killed entered the defendant's right of way

immediately from the adjoining land of its owner. or from a neighboring field belonging to another person, it is error to charge the jury that if they found the animal was killed at a place where the defendant had failed to fence or to maintain a sufficient fence, they might presume that it entered the track at that place.

Id.—Negligence in Running Trains—Evidence.—An instruction, in such action, to the effect that if the jury believed that the animal was found killed on the right of way and near the track of the defendant, they were authorized to find that it was killed by a train of the defendant, is erroneous, when no evidence was introduced at the trial tending to establish the negligence of the defendant in running or managing its trains, or that it ever ran a train or cars over the road.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

C. N. Sterry, and Henry J. Stevens, for Appellant.

Purington & Adair, for Respondent.

TEMPLE, J.—This action was brought in Riverside county to recover one hundred dollars damages for killing a colt. Objection is made to the jurisdiction of this court, and it is stated in the briefs on both sides that the case was originally brought in a justice's court, was there tried, and after judgment in favor of plaintiff was appealed to the superior court upon both law and fact. The action was tried in the superior court, and plaintiff recovered judgment for the full amount of his claim, and the defendant appeals to this court from the judgment and from an order refusing a new trial.

All that the record shows in regard to the justice court is that the complaint is entitled "In the justice's court of Riverside township, county of Riverside," and is indorsed, "Filed July 17, 1897, James Mills, Justice of the Peace," under which last is "Filed, Sep. 18, 1897, A. J. Condee, Clerk, by J. W. Roberts, Deputy."

The answer is entitled in the superior court. It may well be doubted whether from this record this court would be justified

in saying that the case had ever been in the justice court, but certainly we cannot conclude that it was tried in the justice court without raising a question of title to the land by a verified answer, or that the case went to the superior court by appeal upon questions of law and fact. The main contention upon this matter is, that the defendant did not raise any issue as to title in the justice court, and that on appeal the superior court has no further jurisdiction than the justice had. That as to such case its jurisdiction is purely appellate, and it can only retry what was tried in the lower court. But the answer is an amended answer filed in the superior court, and, if we assume from the title to the complaint that the case was once in the justice court, we cannot say what the issues there were, nor how they were made. Briefs on both sides assume such facts, but we are not called upon to decide moot questions because attorneys are pleased to make them.

The amount sued for was less than three hundred dollars, but the first count of the complaint is based upon the liability of the defendant under section 485 of the Civil Code, which requires railroad corporations to maintain good and sufficient fences on both sides of their track, and provides that in case they do not, and their engine or cars should maim or kill any cattle on their "line of road which passes through or along the property of the owner thereof, they must pay to the owner of such cattle or other domestic animals a fair market price for the same." In this count of the complaint plaintiff avers title in himself to a described tract of land, that it adjoins defendant's railroad, the insufficiency of the fence, and that without his fault his colt strayed upon the railroad and was killed by defendant's locomotive and cars. No negligence other than a neglect to keep the fence in repair is charged.

In *Enright v. San Francisco etc. R. R. Co.*, 33 Cal. 235, it was held that this statute was designed to protect the adjoining landowners. This seems quite obvious from the language of the statute itself. That being so, when plaintiff based his right on that statute, averring his ownership of the land, as he did and was required to do, title to the land was necessarily involved whether his ownership was denied or not. (*Holman v. Taylor*, 31 Cal. 338.) Though not in issue, it was involved in

the action.   Therefore, it is a case of which this court has juris-diction.

This consideration would be conclusive of the question dis-cussed by counsel if it were properly presented in the record. Section 838 of the Code of Civil Procedure provides for the case where the plaintiff's cause of action is not based upon title or the right to the possession of real estate, and such claim of title is made an issue in the case by the answer, or a subject of controversy in the course of the trial.   If the complaint itself shows that the question is necessarily involved, as determined in *Holman v. Taylor, supra,* there would be no propriety in requiring a verified answer before the case could be transferred to the superior court.

It is conceivable that the author of section 838 was of the opinion that title or the right to the possession of the real property was not involved unless an issue to be tried was raised, but in view of the decisions of this court that view cannot be maintained.   It seems that the defendant could not make such an issue save by a verified pleading.   *Holman v. Taylor, supra,* was affirmed in *Copertini v. Oppermann,* 76 Cal. 181, and in *Hart v. Carnall-Hopkins Co.,* 103 Cal. 132.   (See, also, *Pollock v. Cummings,* 38 Cal. 684.)

Upon the conclusion of the testimony for plaintiff, defend-ant moved for a nonsuit, which was denied.   Many points are made with reference to this ruling, but as the case must be re-versed upon other grounds these points need not be considered. Upon a new trial the evidence will probably be different.

Defendant attempted to show, principally upon cross-exami-nation of plaintiff's witnesses, that the animal probably passed from plaintiff's property into a neighboring field, which was not the property of plaintiff, and from thence got upon the railroad track, and therefore did not get through the fence of the railroad from plaintiff's land.   Considerable evidence favor-ing this view was produced.   The evidence was all circum-stantial—there being no direct evidence as to where it entered upon the right of way.   Upon this subject the court instructed the jury as follows, and the defendant duly excepted:

"If you find that the plaintiff's colt was killed at a point on defendant's railway where the railroad was insufficiently fenced,

and if you further find that at that point it was defendant's duty to make and maintain a good and sufficient fence, then I charge you that these facts unexplained raise a *prima facie* case of negligence against the defendant, and it is not necessary for plaintiff to show the exact point where his colt escaped onto defendant's track. In other words, if you find that plaintiff's colt was killed at a place where defendant had failed to fence, or to maintain a sufficient fence, you are justified in presuming, and you are authorized to find, that it entered upon the defendant's track at that place."

This was a plain interference with the right of the jury to determine the value and weight of the evidence. This was not a question of law, but of fact. If it was a fact that the colt was found killed at a point where the fence was insufficient, it was a circumstance for the jury to consider.

The court also erred in the same manner in giving the following instruction: "And you are further instructed that should you find from the evidence that the animal referred to in the complaint was found on the right of way and near the track of defendant, and that it was so injured that its entrails protruded, you are authorized on the proof of such facts alone to find that said animal was killed by a train of defendant. But you are not obliged to accept such evidence or conclusion, and if to your mind this is not sufficient you are at liberty to reject it as insufficient to establish negligence, or that the animal was killed by defendant's train."

It does not appear that any evidence was offered which tended to establish the second cause of action, in which the defendant was charged with killing plaintiff's horse by negligently running and managing its trains. It does not even appear that defendant had any cars or that a train was ever run over the road.

The judgment is reversed and a new trial ordered.

McFarland, J., and Henshaw, J., concurred.