[S. F. No. 5995. In Bank.—June 29, 1912.]

## JOANNA O'MEARA, Respondent, v. SAM HABLES, Appellant.

ACTION TO RECOVER RENT OF LAND—PLEADING—ALLEGATION OF OCCUPANCY OR POSSESSION UNNECESSARY.—In an action at law to recover a specific sum of money as the rent of land under a lease, an allegation that the defendant had occupied the premises or had possession of them during the period when the rent accrued is unnecessary to the cause of action. In such an action no right of possession is involved.

ID.—JURISDICTION—APPEAL FROM JUSTICE'S COURT—NO APPEAL LIES TO SUPREME COURT.—The supreme court has no jurisdiction of an

appeal from a judgment of the superior court rendered in such an action on an appeal from a justice's court, notwithstanding the complaint contains an allegation of the possession of the demised premises by the defendant.

ID.—ACTIONS INVOLVING POSSESSION OF LAND—MEANING OF WORD POSSESSION.—In the provisions of the Code of Civil Procedure denying jurisdiction to the justice's court of actions involving the possession of real property, (secs. 112, 838), and in the constitutional provisions conferring such jurisdiction on the superior courts and on the supreme court on appeal, the possession there referred to is such a possession as has relation to title or is necessary to the enforcement or defeat of the cause of action asserted.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco.   E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

P. L. Benjamin, for Appellant.

Stafford & Stafford, for Respondent.

THE COURT.—In the justice's court of the city and county of San Francisco plaintiff sued defendant to recover the sum of two hundred and ten dollars which it was alleged was due for rental of certain premises.   The complaint charged in several counts.   In the first it was alleged that defendant has ''occupied said premises for several years past and has paid no rent to said plaintiff since May 1, 1909.''   In the third count it was charged that defendant was the assignee of a lease of the premises made by plaintiff to one John Doe Creely and that said defendant entered under the assigned lease and ''has had possession of said premises ever since said time.''

Trial was had in the justice's court and resulted in a judgment in favor of defendant, from which judgment an appeal was taken to the superior court of the city and county of San Francisco upon questions both of law and of fact.   The trial *de novo* in the superior court resulted in a judgment for plaintiff in the amount sued for.   Defendant has taken an appeal from that judgment to this court.   Respondent here

moves to dismiss it for lack of jurisdiction in this court to entertain it.

The motion must be granted. The constitution, article VI, section 5, declares that the ''superior court shall have original jurisdiction in all cases in equity and in all cases at law which involve the title or possession of real property.'' By section 4 of the same article it is declared that this court ''shall have appellate jurisdiction on appeal from the superior courts in all cases of equity, except such as arise in the justices' courts; also in all cases of law which involve the title or possession of real estate.'' Section 964 of the Code of Civil Procedure provides for the taking of an appeal from a judgment of the superior court rendered on an appeal from the justices' courts ''in all cases involving the title or possession of real property.''

The legislature has made no attempt to confer jurisdiction upon justices' courts in actions involving the *possession* of real property (Code Civ. Proc., sec. 112), but to the contrary has provided that parties to an action in a justice's court cannot give evidence upon any question which involves the title or possession of real property. (Code Civ. Proc., sec. 838.) But this means under all the decisions of this court and from the association of words in the constitutional provision, such a *possession* of real property as has relation to title or is necessary to the enforcement or defeat of the cause of action asserted. These propositions are illustrated by such cases as *Holman* v. *Taylor,* 31 Cal. 338; *Copertini* v. *Oppermann,* 76 Cal. 185, [18 Pac. 256] ; *Hart* v. *Carnall-Hopkins Co.,* 101 Cal. 162, [35 Pac. 633] ; *Boyd* v. *Southern California Ry. Co.,* 126 Cal. 573, [58 Pac. 1046]. From these and like cases the meaning of the constitution and of the code sections may readily be discovered. The possession here contemplated is, as we have said, either a possession akin to title, as in ejectment, trespass or title by adverse possession where possession is of the essence of the right sought to be established, or it is a possession which for some other good reason becomes a direct and material fact and issue in the case, ''upon which the plaintiff relies for a recovery or the defendant for a defense.'' (*Holman* v. *Taylor,* 31 Cal. 338.)

This action is an action at law to recover a specific sum of money as rent under a lease. The allegation that defendant

had occupied the premises or had possession of them during the period when the rent accrued was unnecessary to the cause of action. No right of possession is here involved and no possession is made the foundation for the establishment of any other right.

It follows herefrom, as above said, that the motion is well taken and is therefore granted.

The appeal is dismissed.

Beatty, C. J., does not participate in the foregoing.