(January 2, 1909.)

MATILDA HAMMER, Respondent, v. JOHN H. GARRETT, Appellant.

[99 Pac. 124.]

JUSTICE'S COURT—JURISDICTION—TITLE TO REAL PROPERTY—SUFFICIENCY OF COMPLAINT—DEMURRER.

1. Under the provisions of art. 5, sec. 22, of the constitution of this state and Rev. Stat., sec. 3852, justices of the peace have no jurisdiction of any cause where the boundaries or title to real property are called in question or put in issue.

2. To oust a justice's court of jurisdiction on the ground that title to real property is called in question or put in issue, it must appear, either from the allegations of the complaint or a verified answer, that title to real property is necessarily involved in the determination of the cause of suit.

3. Where it clearly appears from a complaint filed in a justice's court that the gravamen of the action is the failure to make a warranty deed to plaintiff, as provided for in an agreement entered into between plaintiff and the defendant, and to recover damages, the fact that the plaintiff also alleges that the defendant had no

title to said property is of no consequence, and does not control or affect the plaintiff's right to recover.

4. If it appears from a complaint filed in a justice's court that the title to real property is necessarily involved in order for the plaintiff to recover, and a demurrer is filed to such complaint upon the ground that the court has no jurisdiction of the subject matter, it is not error to sustain said demurrer.

5. Upon the trial of an action in a justice's court, where it appears from the complaint that the title to real property is necessarily involved in order for the plaintiff to recover, and a demurrer is filed to the complaint upon the ground that the court has no jurisdiction, then it is the duty of the justice to sustain such demurrer, but if it does not appear from the face of the complaint that the title to real property is involved, and such fact does appear from the verified answer, then it is the duty of the justice to certify said cause to the district court for trial.

6. If a complaint in a justice's court discloses upon its face that in order for the plaintiff to recover, it is necessary for the justice's court to receive evidence as to title or determine the question of title to real property, then the complaint itself discloses the want of jurisdiction in the justice's court to try such action, and when the complaint makes such disclosure and a demurrer is filed to the complaint challenging the jurisdiction of such court for want of jurisdiction, the demurrer should be sustained.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Edward A. Walters, Judge.

An action to recover damages for breach of contract. Defendant demurred. Demurrer overruled. Judgment for plaintiff for want of an answer. Defendant appeals. *Affirmed.*

W. C. Howie, for Appellant.

Where a complaint is so worded or so framed that a traverse of all the material allegations of the complaint would raise the question of title to real estate, or if, in order for the plaintiff to prove all the material allegations of his complaint, it would be necessary for him to introduce evidence as to title to real estate, then title to real estate is put in issue or called in question. (*King v. Kutner-Goldstein Co.,* 135

Cal. 65, 67 Pac. 10; *Campbell v. Gallagher,* 2 Watts (Pa.), 135; *Sechrist v. Connellee,* 3 Penr. & W. (Pa.) 388; *Bickford v. Page,* 2 Mass. 455, 462; *French v. Holt,* 57 Vt. 187; *Cole v. Hynes,* 46 Md. 181; *Bridgmans v. Wells,* 13 Ohio, 43; *Main v. Cooper,* 26 Barb. (N. Y.) 468; *Smith v. Harris,* 3 Blachf. (Ind.) 416; *Hart v. Carnall-Hopkins Co.,* 101 Cal. 160, 35 Pac. 633; *Copertini v. Oppermann,* 76 Cal. 181, 18 Pac. 256.) The question of title to real estate being involved can be raised by demurrer. (1 Cowdery's Justice Treatise, secs. 1059, 1060.)

J. M. Owen, for Respondent.

To take away the justice's jurisdiction because the action involves the title to land, defendant should resort to a course which would put the title in dispute; and a demurrer, though for the want of jurisdiction, is not sufficient. (*Stout v. Keyes,* 2 Doug. (Mich.) 194, 43 Am. Dec. 465; *Delzell v. Burlington etc. Ry. Co.,* 89 Iowa, 208, 56 N. W. 433; *Stoppenbach v. Zohrlaut,* 21 Wis. 390.) If the plaintiff needlessly sets out title in his complaint, the justice still has jurisdiction unless such title is controverted by the defendant. (*Watry v. Hiltgen,* 16 Wis. 516.) The jurisdiction of a justice cannot be ousted unless it is made to appear that the title itself must be tried. (*Melloh v. Demott,* 79 Ind. 502; *Rogers v. Perdue,* 7 Blackf. (Ind.) 302.) "It is not sufficient to oust the justice's jurisdiction that the pleadings shall show that the title to land may come in question, it must appear that it will do so." (Murfree's Jurisdiction of Justices, secs. 179, 204; 12 Ency. Pl. & Pr., 677.) "In order to oust the jurisdiction of a justice of the peace, the question of title must be directly and necessarily involved." (24 Cyc. 451; Cowdery's Justice Treatise, sec. 88; *Oregon Short Line R. Co. v. District Court,* 30 Utah, 371, 85 Pac. 360.)

In the absence of a verified answer, the justice has no right to certify the case to the district court. (*Pleasant Grove City v. Holman,* 18 Utah, 338, 54 Pac. 1013.) The mere filing of a verified answer is not sufficient. The answer must set forth the facts, and where it only sets up the opinion of the affiant

that the title to real estate would be brought into issue on the trial of the case, the justice is not authorized to certify the case to the superior court. (*McAllister v. Tindal,* 1 Cal. App. 236, 81 Pac. 1117; *State v. Justice Court,* 29 Nev. 191, 89 Pac. 24.) If the plaintiff in an action alleges that he is the owner of a piece of land, the mere entry of a general denial does not warrant the certification of the case. (*Bonnell v. Gill,* 41 Colo. 59, 92 Pac. 13.)

STEWART, J.—On November 12, 1906, plaintiff and defendant entered into an agreement whereby the defendant agreed to sell and the plaintiff agreed to purchase certain real property. The agreement, among other things, provides:

"That the said party of the first part, in consideration of the covenants and agreements of the said party of the second part, hereinafter contained, hereby sells and agrees to convey unto said party of the second part, or her assigns, by deed of warranty, upon the prompt and full performance of said party of the second part of her part of this agreement, the following described premises, . . . . to wit: . . . . And said party of the second part, in consideration of the premises, hereby agrees to pay said party of the first part, as and for the purchase price of said premises, the sum of $200 Dollars, in the manner and at the times following, to wit:

"The sum of $50 Dollars in cash at the time of the execution of this agreement, the receipt whereof is hereby acknowledged, and the sum of $150 Dollars, to be paid said first party one year from date hereof, which said deferred payment is evidenced by a certain promissory note for said amount, executed and delivered by said second party to said first party, bearing even date herewith, payable one year from the date hereof to the order of said first party.

"It is understood and agreed that said note, together with a copy of this agreement, shall be deposited in escrow with the Citizens' State Bank of Mountain Home, Idaho, and that said note shall be delivered to said first party when he shall deposit with said bank a good and sufficient warranty deed to the above-named premises, which said deed shall also be held in escrow by said bank until said note shall have been

fully paid, and when said note shall have been fully paid, said bank shall deliver said deed to said second party or her assigns. Said party of the second part further covenants and agrees to pay all taxes and assessments that may be hereafter levied or assessed upon said premises.

"It is also agreed and understood, that in case of failure of the said second party to pay or cause to be paid to the said first party, the note and interest as herein provided, when due, that the party of the first part reserves the right to give notice in writing to the party of the second part, such notice to be properly addressed to the last known postoffice address of the said party of the second part, demanding payment within sixty days of date, when same becomes due, and if at the expiration of the sixty days, the said party of the second part, shall not have paid said note and interest, then this contract shall become null and void, and the property shall revert to the party of the first part, his heirs and assigns."

The plaintiff brought suit in the justice's court of Mountain Home precinct, in Elmore county, state of Idaho, upon this contract, to recover damages for a breach thereof. General allegations were made setting forth the contract; the payment of $50 at the date of the execution thereof; the execution of the note; and alleged that defendant wrongfully and fraudulently failed, neglected and refused to deliver said note to the Citizens' State Bank of Mountain Home, Idaho, or place the same in escrow with the said bank, but, on the contrary, wrongfully and fraudulently sold and negotiated said note to the Bank of New Rockford, New Rockford, North Dakota; that on November 13, 1907, plaintiff paid $150 principal and $9 interest on said note, according to the terms thereof, to the bank of New Rockford; that on February 3, 1908, plaintiff demanded of the defendant a good and sufficient warranty deed to the land described in the said agreement according to the terms thereof; that the defendant refused, and still refuses, to give a deed to said land and premises; that defendant did not own or have any title in or to the land described in the said agreement hereinbefore set forth on the said 12th day of November, 1906; does not now

own or have any title to said land, and has not owned or had any title to said land at any time since said date; that defendant could not and cannot now give a good and sufficient warranty deed to the land described in said agreement; that the plaintiff did not discover the defendant's said want of title until after entering into the aforesaid agreement and making the said payment in cash and the payment of said note; that on account of said failure of title as aforesaid, the consideration for said agreement has wholly failed; that the defendant could not and cannot give a good and sufficient warranty deed to the land described in the said agreement, and that defendant failed and refused, and still refuses, to give a good and sufficient warranty deed to said land, and that said agreement has been broken by the defendant; that on account of the total failure of consideration for said agreement, the refusal of the defendant to give a good and sufficient warranty deed to the said land, the inability of the defendant to give a good and sufficient warranty deed to said land, and because of said wrongful and fraudulent sale or negotiation of said note, and because of said wrongful breach of said agreement, plaintiff has been damaged specially in the sum of $209, the amount paid by the plaintiff, together with interest on the sum of $50 at the rate of seven per cent per annum from November 12, 1906, and interest on $159 at the rate of seven per cent per annum from November 13, 1907, and generally in the additional sum of $75.

Judgment was asked for in the sum of $284 with interest. To this complaint the defendant filed a demurrer upon the ground "That it appears upon the face of said complaint that this court has no jurisdiction of the subject matter of this action, for the following reasons, to wit:

"First. That said action puts in issue the title of real property.

"Second. That said action is an equitable action."

The demurrer was overruled by the justice and the defendant declined to answer. His default was entered, and thereupon judgment was rendered in favor of the plaintiff for the sum of $216.17 and costs of suit. An appeal was taken from this judgment to the district court on questions of law

alone, and the district court affirmed and sustained the judgment rendered in the justice's court. This appeal is from the judgment of the district court. Appellant contends that the complaint filed in the justice's court discloses that the case is of a character over which the justice had no jurisdiction, for the reason that the complaint shows upon its face that the title to real property is involved in said action. Counsel for respondent contends, first, that the question whether title to real property is involved cannot be raised by demurrer and can only be presented by a verified answer; second, that even if the question can be raised by demurrer, the record does not show that title to real property is involved. The question, then, for determination upon this appeal is, in the absence of a verified answer, Does the complaint in this action show that title to real property is involved, and can the jurisdiction of the justice's court be challenged by demurrer when the complaint shows the character of action is such that the justice's court has no jurisdiction of the subject matter?

Art. 5, sec. 22, of the constitution of this state, provides:

"Justices of the peace shall have such jurisdiction as may be conferred by law, but they shall not have jurisdiction of any cause . . . . where the boundaries or title to any real property shall be called in question."

Sec. 3851, Rev. Stat., defines the civil jurisdiction of justices' courts in this state, and sec. 3852 provides: "The jurisdiction conferred by the last section shall not extend, however, to a civil action in which the title or possession of real property is put in issue." It will be observed that the language of the constitution is that justices of the peace shall not have jurisdiction "where boundaries or title to any real property shall be called in question," while the language of the statute is that the jurisdiction conferred shall not extend to civil actions "in which the title or possession of real property is put in issue." The phrases, "called in question," and "put in issue," evidently are intended to have the same meaning and application, and that is, that justices' courts have no jurisdiction of an action in which the title to real property must necessarily be determined. If, then, this is an

action in which the title to real property must necessarily be determined, the justice's court had no jurisdiction of the subject matter. Looking to the complaint, we find that the plaintiff alleges the payment of the full consideration agreed to be paid, as provided for in the agreement, and that the defendant failed and refused to make the conveyance agreed to be made by him, and by reason thereof she alleges damages. The action does not necessarily involve the title to real property; for, if the agreement is as alleged in the complaint and the plaintiff complied in full with her part of the agreement, and the defendant failed to comply with his part of said agreement and failed to convey the property purchased, and by reason of such failure the plaintiff has been damaged, then the plaintiff would be entitled to recover such damages, and it could make no difference whether the defendant had title to the property which he agreed to convey. The agreement made by the defendant was to convey and give a warranty deed, and it was his duty to comply with his contract and make a conveyance, and the fact that he may not have owned the property would not affect the plaintiff's right to recover, as the defendant may have been able to secure title to said property at the time the conveyance was to have been made. It clearly appears that the gravamen of the action is the failure to make a warranty deed to plaintiff as provided for in said agreement and the damages flowing therefrom. The allegations as to title are of no consequence, and do not control or affect the plaintiff's right to recover. For the plaintiff to recover, so far as the allegations of the complaint are concerned, the defendant's title to the property would not necessarily be involved. It would not be necessary to introduce any evidence with reference to said property. (*Hart v. Carnall-Hopkins Co.,* 103 Cal. 132, 37 Pac. 196; *Boyd v. Southern Cal. Ry. Co.,* 126 Cal. 571, 58 Pac. 1046; *King v. Kutner-Goldstein Co.,* 135 Cal. 65, 67 Pac. 10.)

We are of the opinion, therefore, that the allegations of the complaint do not show that the question of title is involved or presented as an issue, or that it is necessary to determine the question of title in order for the plaintiff to

recover.  Sec. 4645 provides that if the defendant files a veri-
fied answer and puts in issue title, then it is the duty of the
justice's court to certify the case to the district court for
trial.  Under the constitution and the statute, no evidence can
be introduced in the justice's court with reference to the title
of real property, and just as soon as it appears that it is
necessary that the title of real property be determined in
order for the plaintiff or the defendant to recover, at that
time the justice's court ceases to have jurisdiction, and the
cause must be certified to the district court for trial.  This
provision of the statute is mandatory.  (*Hart v. Carnall-
Hopkins Co.,* 103 Cal. 132, 37 Pac. 196.)

If the complaint discloses upon its face that, in order for
the plaintiff to recover, it is necessary for the justice's court
to receive evidence as to title or determine the question of
title to real property, then the complaint itself discloses the
want of jurisdiction in the justice's court to try such action,
and when the complaint makes such disclosure and a demurrer
is filed to the complaint challenging the jurisdiction of such
court on that ground, it should be sustained.  One of the
grounds pointed out by the statute for a demurrer (Rev. Stat.,
sec. 4174, subd. 1) is: "That the court has no jurisdiction
of the person of the defendant or the subject of the action."
If the complaint upon its face discloses that the court, in
which the action is brought, has no jurisdiction of the subject
matter, then a demurrer to the complaint upon that ground
is proper and clearly authorized by the statute.  The ele-
mentary rule is, that the facts constitute the test of juris-
diction upon any cause brought in the court, and if the
facts as disclosed by the complaint show that the court has
no jurisdiction of the subject matter, and a demurrer is ad-
dressed to the complaint upon that ground, it should be
sustained, and the court is not required to wait until a verified
answer is filed in order to determine the question of jurisdic-
tion.  (*King v. Kutner-Goldstein Co., supra; Hicks v. Clare-
mont Paper Co.,* 74 N. H. 154, 65 Atl. 1075.)  If, however, the
complaint does not show upon its face that the subject matter
is such that the court, in which the action is brought, has no
jurisdiction of the same, then such question can only be raised

by a verified answer under the statute; but whether the question of jurisdiction appears from the complaint or the verified answer, is immaterial in so far as the jurisdiction of the justice extends to try said case, for whenever it does appear, either by demurrer or answer, the justice's court ceases to have jurisdiction of the subject matter.

The judgment is affirmed. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.