[Civ. No. 5051. First Appellate District, Division Two.—December 26, 1924.]

PENINSULA RAPID TRANSIT COMPANY (a Corporation), Respondent, v. SANTA CLARA VALLEY LAND COMPANY (a Corporation), Appellant.

[1] LEASES — COMPLAINT FOR RECOVERY OF RENT—LEASING OF PREMISES BY DEFENDANT—PLEADING.—A complaint for the recovery of rent due under a lease, to which a general demurrer was interposed, shows that the defendant leased the premises from plaintiff, where it alleges "That on or about" a named date "plaintiff . . . as lessor and defendant . . . as lessee, entered into an indenture of lease wherein and whereby the plaintiff demised and let to defendant a certain store room," the location of which is described, "for the term of three years after date of completion of the building in which said room is situated, at and for the monthly rental of $200.00 per month payable in advance; that said building was completed and the time of commencement of said term of said lease was" a specified date; "that no rent has been paid under said lease since" a given date, "and there is now due

plaintiff from the defendant rent" for a stated period in a speci-
fied sum, which is unpaid.

[2] ID.—PLEADING—ACTUAL POSSESSION.—It is not necessary for such
a complaint to contain an allegation that the defendant ever had
possession of the premises, since if the premises were leased to
defendant, it had the right to possession, and the actual possession
is immaterial.

[3] ID.—PROMISE TO PAY RENT—IMPLIED OBLIGATION—PLEADING.—If
the defendant was the lessee under the pleaded lease in which the
rental reserved was a specified sum, a promise by it, as lessee,
to pay said sum would be implied even if not expressed in the
lease, where the lease contained no provision obligating a third per-
son to make such payment; and it must be assumed, in view of the
fact that the demurrer admitted the truth of the allegations of
the complaint, that there was no other material provision in the
lease which would change the legal effect of the same as pleaded,
and, therefore, that there was no third person who had assumed
the payment of the rental.

---

(1) 36 **C. J.**, p. 417, n. 75.   (2) 36 **C. J.**, p. 419, n. 87.   (3) 36
**C. J.**, p. 418, n. 78, p. 293, n. 19.

APPEAL from a judgment of the Superior Court of
Santa Clara County.   P. F. Gosbey, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Edward F. Treadwell and R. S. Laughlin for Appellant.

W. A. Johnston and F. L. Johnston for Respondent.

LANGDON, P. J.—This is an appeal by the defendant
from a judgment against it in an action for rent due under
a lease.   The judgment followed the entry of defendant's
default.   A general demurrer was interposed to the com-
plaint and overruled.   The defendant failed to answer and
contends, upon appeal, that the demurrer was improperly
overruled.   The only point presented is as to the sufficiency
of plaintiff's pleading.

The points urged in support of the demurrer are that the
complaint contains no allegations that the defendant leased
the premises from plaintiff; that the defendant was ever in
possession of the premises or ever promised or agreed to pay
the rent reserved in the lease.

---

2.   See 15 **Cal. Jur.** 838.

[1]  The complaint alleges: ''That on or about the 31st day of March, 1923, plaintiff . . . as lessor and defendant . . . as lessee, entered into an indenture of lease wherein and whereby the plaintiff demised and let to defendant a certain store room known as No. 3 in the Union Stage Depot located on the west side of Market Street, between Santa Clara street and Post street, in the city of San Jose, County of Santa Clara, State of California, being the second most northerly store room on the ground floor in said Union Stage Depot and known as No. 25 South Market Street in the City of San Jose, for the term of three years after date of completion of the building in which said room is situated, at and for the monthly rental of $200.00 per month, payable monthly in advance; that said building was completed and the time of commencement of said term of said lease was May 1st, 1923; that no rent has been paid under said lease since January 1, 1924, and there is now due plaintiff from the defendant rent from January 1st, 1924, to May 1, 1924, in the sum of $800, which is unpaid.''

Certainly this complaint is not a model of good pleading, but we do not think its deficiencies are such as to compel a reversal of this judgment. While there is no allegation, in so many words, that the defendant leased the store from plaintiff, there is an allegation that defendant, *as lessee,* entered into the lease. This is admitted by the demurrer and defendant could not be the lessee under a lease unless it leased the store from plaintiff.

[2]  It is not necessary for the complaint to contain an allegation that the defendant ever had possession of the premises. If the premises were leased to it, it had the right to possession and the actual possession is immaterial in an action like the one before us. (15 Cal. Jur. 838; *O'Meara* v. *Hables,* 163 Cal. 240 [124 Pac. 1003].)

[3]  The only remaining objection is that there is no allegation that the defendant promised to pay the rent reserved in the lease. If defendant was the lessee under a lease in which the rental reserved was a specified sum, a promise by it, as lessee, to pay said sum would be implied even if not expressed in the lease, where the lease contained no provision obligating a third person to make such payment. It was alleged that the premises were leased to defendant for a monthly rental of $200, which is equivalent to saying that they were leased in consideration of the payment of

such rental. The lease was pleaded in its legal effect. The demurrer admitted the truth of the allegations, so we must assume there was no other material provision in the lease which would change the legal effect of the same as pleaded, and, therefore, that there was no third person who had assumed the payment of the rental. It follows that the obligation of the lessee named in the lease to pay the rent would be implied.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.