## MICHAU vs. WALSH, adm'r. of WILCOX.

1. The term "lawful" in the 18th section of the act concerning "forcible entry and detainer," (R. C. 1835, p. 280,) seems to mean nothing more than peaceable or quiet possession, contradistinguished from possession which is not merely constructively tortious, but actually so.

2. A lease does not, of itself, vest the possession of the premises leased, in the lessee, but only gives him a right of possession: and, if the lessee forcibly takes or detains possession, in the manner pointed out by the 2d section of the act concerning "forcible entry and detainer," he is guilty of a forcible entry and detainer, within the meaning of that act.

3. The defendant being convicted of the forcible entry and detainer, while the act of Feb. 6, 1837, was in force, the court properly, in addition to the writ of restitution, gave judgment for double rent for the premises, according to the provisions of that act. McGirk Judge, dissenting on this point.

*Spalding and Tiffany for Plaintiff in error.*

1. The court instructed the jury wrong.

2. The court refused to give proper instructions asked by appellant.

3. The court erred in taking testimony as to the rent, and and in giving judgment therefor.

4. The court erred in refusing to grant a new trial. Rev. code, 277, 376. Act of Assembly of February 6, 1837, supplementary to "an act concerning forcible entries and detainers." Rev. code page 280, section 18.

*Mullanphy for Defendant in error.*

The only matter upon which plaintiff in error can hang

an objection, is the instructions of the circuit court given and refused. Foster & Foster vs. Nowlin, 4 Mo. Rep. 18. Vaughan vs. Montgomery, 5 Mo. Rep. 529. 2d. Black. com. 310, top paging. Sec. 2, act concerning forcible entries and detainers, Rev. Statutes of 1835. Act of Feb. 6, 1835.

MAY TERM
1840

Michau
vs.
Walsh, ad'r.
of Wilcox.

Error to the St. Louis Circuit Court.

*Opinion of the Court delivered by Napton Judge.*

St. Amant Michau, in October 1837, brought an action of forcible entry and detainer, before Justice Elihu H. Sheppard, against Horace Wilcox, and had judgment against him. The proceedings were, by writ of certiorari, taken up to the circuit court, and there being error in the same, in the opinion of that court, the judgment was reversed, and a new trial awarded. A verdict was again found against Wilcox, and judgment was given for a recovery of the possession, and for three hundred and ninety dollars, being the value of double the rent of the premises, from the time of the entry and detainer charged, and costs. Wilcox moved for a new trial, for reasons filed, which was overruled, and the case is brought here by writ of error.

The bill of exceptions details the following evidence. The premises in question had been in the actual possession of Michau for several years, and up to the time of the taking possession thereof by Wilcox. About 31st August, 1837, Wilcox, taking with him another person for witness, and with his furniture along in a dray, went to Michau's house, which was found closed, but was at length opened. Wilcox walked in, and said the house was his. Michau replied, that the house was not his, Wilcox's;—that Wilcox had defrauded him, Michau; that when Wilcox should comply with his agreement, pay him two thousand dollars, and become responsible for the debts on the property, as he had agreed to do, that then he might have the house. Thereupon, Wilcox took up his gun, said that was part of his furniture, that he had taken possession of the house, and would keep it. Michau then retired to the next room, brought out his gun, and said, that if that was the way he was to be forced out of his house, he knew how to defend his possession, or words to that effect. Wilcox retired from the house, and ordered his

MAY TERM
1840.

Michau
vs.
Walsh adm'r.
of Wilcox.

dray back.   Two or three days after this, Wilcox was seen in possession of the house, and Michau's property and furniture lying out.   The manner of his getting possession was recounted by a witness.  Whilst Michau and his family were out, the front door and windows being fast, the back window was raised, the house then entered, and the front door forced open from within, by means of a jack knife.   The goods of Wilcox were then brought in, and the furniture of Michau carried out.

.Defendant read in evidence: first, a deed assigning to Wilcox a lease from the city of St. Louis for the premises, acknowledged Aug. 23, 1837; and, second, the deed of lease so assigned.

The defendant moved the circuit court to instruct the jury : 1. That the lease made by Michau, and given in evidence, operated as a livery of seizen, and vested the defendant with the legal right to the possession of said premises. 2. That if the jury believed, defendant had got into the possession of said premises without doing violence, or forcing his entry with a strong hand, they ought to find for defendant.   These instructions the court refused, but gave in lieu thereof the following: 1. That the instrument given in evidence, purporting to be a lease from the plaintiff to defendant did not, by itself, vest any possession of the premises in question in the defendant, but, at most, could give only a right, to be made available according to the forms and proceedings sanctioned by law.   That in this case, there was no evidence, whatever, before the jury, of any delivery of possession, of the premises in question, having been made by the plaintiff to the defendant, but, on the contrary, that the evidence went to shew, that the plaintiff refused to give such possession to defendant.   That if the jury should be of opinion in this case, that the defendant, without the consent of the plaintiff, entered upon said house, and took possession thereof, and held the same, they ought to find for the plaintiff; although they should be of opinion, from the evidence, that the plaintiff was not actually in the house, when such entry was effected ; and that such entry was first effected, through a window open, or not secured, and afterwards con-

summated, by the forcible opening of the doors of said house from within.

MAY TERM
1840.

Michau
vs.
Walsh adm'r,
of Wilcox.

There was a motion for a new trial for various reasons, among which were, the finding of the court of double rent; which was considered excessive, and oppressive. This motion was overruled.

The only errors, particularly insisted on in this court, are, that the circuit court gave improper instructions, refused to give correct ones, and gave the plaintiff unreasonable damages, in the form of double rent.

The second section of the statute of forcible entry and detainer, provides, that if any person shall enter upon or into any lands, tenements or other possessions, and detain and hold the same with force, or strong hand, or with weapons, or breaking open the doors or other part of a house, whether any person be in it or not, or by threatening to kill, maim, or beat the party in possession, or by such words or actions as have a natural tendency to excite fear or apprehension of danger or by putting out of doors, or carrying away the goods of the party in possession, or by entering peaceably, and then turning out by force, or frightening by threats, or other circumstances of terror, the party out of possession, in such case, every person so offending, shall be deemed guilty of a forcible entry and detainer, within the meaning of this act.

It will be perceived at once, that the terms of this section includes a great variety of cases, and, among others, the circumstances of the present case, as detailed in evidence; unless the meaning of this section be limited, in some degree, by some subsequent section. It is urged, that the 18th section is such a limitation, and that by taking the two sections together, a more reasonable and equitable construction may be given to the act, than by giving full force, and unqualified effect, to the distinct clauses of the first section.— The 18th section declares, that the "complainant shall not be compelled to make further proof of the forcible entry or detainer, than, that he was lawfully possessed of the premises, and that the defendant unlawfully entered into and detained the same."

MAY TERM
1840.

Michau
vs.
Walsh adm'r.
of Wilcox.

In construing these two sections, if there be, as is supposed, any apparent or real inconsistency in their provisions, it appears to me reasonable, that the last being more general and indefinite, must be construed by reference to the first, which is specific and particular, an d needs no construction.

The term "lawful," in the 18th sect. of the act concerning "forcible entry and detainer," (R. C. 1835, p. 260) seems to mean nothing more than peaceable or quiet possession, contradistinguished from possession which is not merely constructively tortuous, but actually so.

The term *lawful*, used in the 18th section, is not a very definite phrase, and, in common parlance, has a very different meaning from that which the strictness and accuracy of legal phraseology has annexed to it. I take it that nothing more is meant by the term lawful, in this section, than peaceable or quiet possession, contradistinguished from possession which is not merely constructively tortious, but actually so. Such, I think, would be the character of the possession of the man, who, in my temporary absence, should get possession of my house. It would be tortious, and, on my return, I might eject him, without subjecting myself to an action of forcible entry and detainer. But such was not the nature of Michau's possession. At most, it could only be a constructive tortious possession, even admitting that, after he made the deed to Wilcox and received notice to quit, he was in the eye of the law, wrongfully in possession.

A lease does not, of itself, vest the possession of the premises leased, in the lessee, but only gives him a right of possession : and, if the lessee forcibly takes or detains possession, in the manner pointed out by the 2nd sect. of the act concerning "forcible entry and detainer," he is guilty of a forcible entry and detainer, within the meaning of that act.

Under this view of the law, the construction claimed for the lease, by Wilcox's counsel in the circuit court, cannot be sustained. That court did not err in declaring, that the effect of it was only to give him a right of possession. The instructions which the court did give, appear to be, substantially, correct, and though the phraseology of the last instruction is liable to misinterpretation, it could scarcely have effected an injury to Wilcox, under the state of the testimony before the jury.

The supplementary act of 1837, (Sess. acts p. 63,) provides, that if any person be found guilty of a forcible entry and detainer, or of any unlawful detainer, the justice of the peace, or court before whom the same may be determined, shall, in addition to a writ of restitution, render judgment, that such person pay to the plaintiff double rent for the premises, from the time that the possession thereof was forcibly obtained, or unlawfully detained by the defendant, until the time of the re.delivery of the premises to the plaintiff.—

The judgment in this case was in accordance with this provision, and the court ascertained from witnesses the monthly rent. It is contended, however, that this provision could not apply so the present case, because Wilcox had a deed from Michau, expressing on its face to be for a valuable consideration, and shewing conclusively, that Michau had no right of possession—which deed, it is supposed, at least, estops him from claiming any rent. It is to be observed, on this subject, that this deed forms no part of Michau's evidence on this action, or of Wilcox's defence, whatever remedy Wilcox may have had, or yet has, under his deed, can have no bearing on the present action.

The judgment of the circuit court is affirmed.

*Opinion of McGirk Judge.*

I concur in the first part of this opinion. But, I am of opinion, that part of the judgment which ascertains and gives double rent is erroneous, and ought to be reversed. provisions of that act. McGirk Judge, dissenting on this point.

*MAY TERM 1840.*

Michau
vs.
Walsh adm'r.
of Wilcox.

The defendant being convicted of the forcible entry and detainer, while the act of Feb. 6, 1837, was in force, the court properly, in addition to the writ of restitution, gave judgment for double rent for the premises, according to the