[Civ. No. 695. Second Appellate District.—November 30, 1909.]

GEORGE FISCH et al., Appellants, v. P. F. NICE, as Justice of the Peace, et al., Respondents.

PROHIBITION—JURISDICTION OF JUSTICE'S COURT—ACTION FOR DAMAGES TO CROPS BY TRESPASSING ANIMALS.—The superior court properly refused a writ of prohibition to prevent a justice's court from exercising jurisdiction, under the act of March 23, 1907 (Stats. 1907, p. 199), of an action to recover damages in a less sum than $300 for injuries to crops growing on land in the lawful possession of the plaintiff from trespassing animals belonging to the defendant.

ID.—CONSTRUCTION OF STATUTE—"LAWFUL POSSESSION."—The "lawful possession" mentioned in the statute is to be construed as importing only "peaceable or quiet possession, as contradistinguished from possession not merely constructively tortious, but actually so."

ID.—CAUSE OF ACTION FOR INJURY TO PERSONAL PROPERTY OF PLAINTIFF —POSSESSION OF LAND.—An alleged cause of action which seeks to

recover for the value of personal property, the injury to which was occasioned by the willful and permissive acts of the defendants in allowing their stock to break and enter upon land in plaintiff's possession, and destroy his personal property to his damage, does not depend upon the language of the statute; and plaintiff could maintain the same regardless of the fact whether the property was situated on his own land or upon the land of another.

ID.—CAUSES OF ACTION UNDER STATUTE—ACTUAL POSSESSION MAY BE SHOWN.—In the causes of action under the statute, the "lawful possession" is virtually an "actual possession" of the land, and such possession may be shown in the justice's court, where the fact of the possession of the land is a mere incident, and not the basis of the action, which is the injury to crops growing thereon as against a trespasser thereon.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Shaw & Brewer, and Eshleman & Swing, for Appellants.

Noland & Birkhauser, for Respondents.

ALLEN, P. J.—Appeal from a judgment of the superior court of Imperial county. An action was originally commenced by one Wiest, as plaintiff, against Fisch and others in a justice's court of Imperial county. The complaint averred as a first cause of action that plaintiff was the owner of and in possession of certain described inclosed land, upon which was situate personal property belonging to him; that defendants, the owners of certain livestock, willfully allowed such stock to break and enter upon such premises and destroy the personal property of plaintiff to his damage. In a second and third cause of action it was alleged that the livestock belonging to defendants was by them willfully allowed to break into the inclosure of plaintiff and destroy growing crops therein. The demand for damages for all of the alleged causes of action was within $300. Service of process was had upon defendants, they appeared to the action, and thereafter applied to the superior court for a writ of prohibition requiring the justices to desist from further proceedings. An alternative writ was issued, but upon the final hearing the same was dissolved and judgment ordered for the

respondents. From this judgment petitioners for the writ appeal.

Appellants' contention is that it affirmatively appears from the complaint filed that the possession of real estate was involved, hence the justice was without jurisdiction, and this is asserted upon the authority of *Boyd* v. *Southern California Ry. Co.,* 126 Cal. 574, [58 Pac. 1046]. It may be conceded that if it affirmatively appears from a complaint that title or possession to real estate is involved, the justice is without jurisdiction to hear and determine the action. It is appellants' contention that plaintiff's sole remedy is based upon the act of March 23, 1907 (Stats. 1907, p. 999). This act makes it unlawful for any person owning or having possession of any animal to suffer or permit such animal to break into or enter upon any land owned by or in the possession of another person; and by section 2 it is provided that the owner of or person who is in the lawful possession of land trespassed upon in violation of this act is entitled to recover, by action in a court of competent jurisdiction, from the owner of or person in possession of, or person chargeable with the care of, the trespassing animal. It is insisted, therefore, that because the statute restricts the right of maintaining the action to one in lawful possession, it follows that section 838, Code of Civil Procedure, applies, which is that the parties to an action before a justice cannot give evidence upon any question which involves the possession of real property.

We think that appellants' contentions are fully answered by our supreme court in *Pollock* v. *Cummings,* 38 Cal. 684, cited and approved in *Heilbron* v. *Heinlen,* 72 Cal. 374, [14 Pac. 22]. The "lawful possession" mentioned in the statute referred to is entitled to a construction by which it may be said that it means only "peaceable or quiet possession, contradistinguished from possession which is not merely constructively tortious, but actually so." (*Michau* v. *Walsh,* 6 Mo. 346.) As to the first cause of action, which seeks to recover for the value of personal property, the injury to which was occasioned by the willful and permissive act of the defendants, we think that the right of action in no wise depends upon the section of the statute referred to, and plaintiff could have maintained such action regardless of the fact as to whether the property was situated upon his own land

or upon the land of another. As to the remaining causes of action, which are on account of growing crops, and which may be conceded to be comprehended within the statute mentioned, it was not incumbent upon the plaintiff to show any possession other than actual possession, and this, upon the authority of the cases above cited, may be shown in actions before a justice of the peace, the fact of possession being but an incident and not the basis of the action. More especially should this be true in a controversy between one claiming the right of possession of land and a trespasser thereon. We think, therefore, the court was warranted in refusing the writ, and this without reference to the adequacy of the relief afforded the defendants to the action through an appeal.

Judgment affirmed.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 30, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1910.