Filed 6/6/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| REZA VEISEH, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DONALD STAPP et al., <br><br> Defendants and Respondents. | F075173 <br><br> (Super. Ct. No. S1500CV274885) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. Sidney P. Chapin, Judge.

Reza Veiseh, in pro. per.; Kernkamp Law and Christian Kernkamp for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Patrick S. Schoenburg and Christina H. Vo for Defendant and Respondent Donald Stapp.

The Law Offices of Scott L. Harper and Scott L. Harper for Defendants and Respondents William and Irma Becherer.

-ooOoo-

This appeal addresses standing to bring a cause of action for trespass to realty. Generally, the tort of trespass protects possessory interests and, therefore, a person in actual possession of the land may sue for trespass. Ownership or recorded title to land is not required. Some California decisions state the plaintiff's possession must be "lawful."

This opinion addresses an issue of first impression about what constitutes "lawful possession."

Plaintiff Reza Veiseh transferred the real property in question to a custodian for the benefit of his minor daughter pursuant to the California Uniform Transfers to Minors Act (Prob. Code, §§ 3900–3925).  The act requires the property to be held for the use and benefit of the minor.  Veiseh did not comply with this requirement.  Instead, he maintained possession and control of the real property for his own use and benefit, rather than the use and benefit of his daughter.  The defendants argued Veiseh's failure to comply with the California Uniform Transfers to Minors Act meant his possession was unlawful.  The trial court agreed.  After a bench trial on the bifurcated issue of standing, the court found Veiseh's actions were not consistent with the statute and he had no right of lawful possession in the real property.  The court entered judgment for the defendants.

California case law establishes that "lawful possession" simply means actual, peaceful possession and a person with actual possession can sue for trespass even if he or she does not have any legal rights in the land.  We conclude Veiseh's failure to comply with the California Uniform Transfers to Minors Act did not render his possession of the real property unlawful for purposes of California trespass law.  The general definition of lawful possession applies in this case because, among other things, nothing in the text of the statute or the record supports the inference that the legislation was enacted to protect trespassers or otherwise define who could pursue a cause of action for trespass.   The trial court's explicit findings about Veiseh's possession and control are sufficient to establish the lawful possession element of his trespass claim.

We therefore reverse the judgment and remand for further proceedings.

**FACTS**

Plaintiff Reza Veiseh is a resident of Los Angeles County.  In 2004, Veiseh acquired ownership of 20 acres of land assigned Kern County Assessor's Parcel Number 179-293-15 (the Parcel).  His acquisition is reflected in a grant deed from members of the

2.

Goldsworth family that was recorded in March 2004 and described him as a single man. Veiseh contends that since he purchased the Parcel, he has been in unbroken possession of it and utilized it for agricultural purposes. Evidence supporting this contention includes his testimony at trial that he had been the sole occupier of the Parcel from 2004 until the day of his testimony.

On October 6, 2008, Veiseh recorded a grant deed transferring the Parcel from himself to "Zohreh Afshar, as custodian for Hedyeh Veiseh, under the California Uniform Transfers to minors act." Zohreh Afshar is Veiseh's former wife and Hedyeh Veiseh is his daughter, who was a minor when the deed was recorded. At trial, Veiseh testified he and his former wife maintained good relations and were living in the same house where he had a separate room. He also testified he transferred the Parcel to the custodian and his minor daughter for estate planning reasons because, at the time, he was not feeling well and a couple of his friends had passed away.

Veiseh alleged that on October 19, 2008, cattle from adjoining land entered the Parcel and damaged the trees, vegetables and flowers he had planted and maintained on the Parcel. The defendants owned either the cattle or owned or leased the land from which the cattle entered the Parcel.

Sometime in 2015, when his daughter was 19 or 20 years old, there was an attempt using a quitclaim deed to transfer the property from her back to Veiseh. Veiseh testified he prepared the quitclaim deed and caused it to be recorded.

### PROCEEDINGS

Veiseh's lawsuit against the defendants was commenced in October 2011. The operative pleading in this case is the second amended complaint. Defendant Donald Stapp and defendants William and Irma Becherer are the respondents in this appeal. Veiseh alleged that Stapp grazed cattle on land adjacent to the Parcel, which land was owned or leased by the Becherers. The three causes of action in the second amended complaint were labeled (1) injury to farmland, (2) trespass, and (3) negligence.

3.

The trial court bifurcated the issue of Veiseh's standing to assert the causes of action. In September 2016, the court held a three-day bench trial on that issue. Four witnesses testified at the trial—the sheriff's deputy who responded to Veiseh's call about the alleged trespass, Veiseh's former wife, William Becherer, and Veiseh. At the close of the evidence on the bifurcated issue of standing, the trial court orally stated its decision from the bench. The court found Veiseh "was maintaining possession and control of the premises solely for his benefit and interest. Absolutely no interest in the custodian, absolutely no interest [or] benefit for the minor. Solely in his possession and control, his benefit."[1] The court ultimately concluded Veiseh "did not have an enforceable right of possession" and lacked standing to bring the claims.

In December 2016, the court issued a statement of decision. The decision relied heavily on the California Uniform Transfers to Minors Act and concluded Veiseh "did not have lawful possession and control where the property was to be held, maintained, and used solely for the benefit of the minor. [Veiseh] was an interloper on the property." Based on this determination, the decision concluded Veiseh lacked standing to assert the causes of action set forth in the second amended complaint. A judgment and timely appeal followed.

## DISCUSSION

I. LEGAL PRINCIPLES

A. Standard of Review

"In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo. [Citation.] We apply a substantial evidence standard of review to the trial court's findings of fact. [Citation.]" (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) We conclude identifying the legal principles that define

---

[1] On appeal, these findings of fact about possession and control of the Parcel are not disputed by the parties. Therefore, a detailed description of the supporting testimony is not provided.

who may bring an action for trespass to realty presents questions of law.  We resolve those questions of law independently without deference to the trial court's conclusion.

### B.    Standing and Trespass

#### 1.    Role of Title to the Real Estate

The question of who may sue for trespass to realty was addressed by our Supreme Court over a century ago.  "It is a well-settled proposition that the proper party plaintiff in an action for trespass to real property is the person in actual possession.  No averment of title in plaintiff is necessary.  [Citations.]" (*Lightner Mining Co. v. Lane* (1911) 161 Cal. 689, 694 (*Lightner Mining*).)  The court further explained the role of title in a trespass action:

> "A defendant who is a mere stranger to the title will not be allowed to question the title of a plaintiff in possession of the land.  It is only where the trespasser claims title himself, or claims under the real owner, that he is allowed to attack the title of the plaintiff whose peaceable possession he has disturbed." (*Id.* at p. 695.)

These statements from *Lightner Mining* remain an accurate description of California's approach to the tort of trespass to realty.  The Third District quoted portions of *Lightner Mining* to support its conclusion that "prior peaceful possession is sufficient to maintain the action of ejectment against one who enters as a trespasser." (*Smpardos v. Piombo Const. Co.* (1952) 111 Cal.App.2d 415, 423.)  The Third District mentioned the role of title by citing a legal encyclopedia for the principle that "'generally prior possession alone is sufficient as against a defendant who has no better right or title.'" (*Ibid.*)  Based on *Lightner Mining* and *Smpardos*, we conclude title to the land is significant to the outcome of a trespass action only when the alleged trespasser claims title himself or claims rights under the true owner.

Here, defendants do not claim title to the Parcel and they do not claim the true owner of the property granted them to right to enter the Parcel.  Therefore, the fact that

Veiseh did not hold recorded title to the Parcel at the time of the alleged trespass does not bar his trespass claim.

### 2. *Actual, Lawful Possession*

Under *Lightner Mining*, the proper person to bring "an action for trespass to real property is the person in actual possession." (*Lightner Mining*, *supra*, 161 Cal. at p. 694.) In the context of a trespass action, "possession" is synonymous with "occupation" and connotes a subjection of property to one's will and control. (*Williams v. Goodwin* (1974) 41 Cal.App.3d 496, 508 (*Williams*).) We adopt this definition and note it is compatible with the Restatement (Second) of Torts, which states a person in possession of land includes one who "is in occupancy of land with intent to control it." (Rest.2d Torts, § 157.)[2]

Some decisions and secondary authorities use the term "lawful possession" when describing the elements of a trespass cause of action. "The simple elements of a cause of action for trespass or injury are (1) the plaintiff's *lawful possession* or right to possession, as the owner or otherwise, of described property …." (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 631, p. 65, italics added.) Defendants contend Veiseh cannot establish his trespass claim because there was no evidence his possession of the Parcel was lawful.

The meaning of the term "lawful possession" was addressed by the Third District in the context of "a statutory provision conferring a right of recovery for trespass upon 'the owner of or person who is in lawful possession of land' trespassed upon by defendant's animal."[3] (*Williams*, *supra*, 41 Cal.App.3d at p. 508.) The court referred to the case of *Fisch v. Nice* (1909) 12 Cal.App. 60, and stated:

---

[2] California Civil Jury Instruction (CACI) No. 2000, "Trespass—Essential Factual Elements," states the plaintiff must prove "1. That [*name of plaintiff*] [owned/leased/occupied/controlled] the property."

[3] The statutory provision in question apparently is no longer in effect. It is not cited by defendants. Despite its repeal, the statutory term "lawful possession" is still used in case law and secondary authorities.

"The court held that the words 'lawful possession' as contained in the statute meant only '"peaceable or quiet possession, contra-distinguished from possession which is not merely constructively tortious, but actually so." [Citation.]' [Citation.] The court declared that plaintiff's burden under the statute was satisfied by a showing of actual possession." (*Williams*, *supra*, 41 Cal.App.3d at p. 508.)

More recent decisions have addressed the nature of the possession needed to pursue a trespass action by stating:

"'The cause of action for trespass affords protection for a possessory, not necessarily an ownership interest.' [Citation.] For that reason, the plaintiff need not have legal rights in the land. [Citation.] Even 'one in peaceable though wrongful possession of real property may sue in tort for forcible interference with that possession even in the absence of injury to his person or goods ....'" (*Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1042 (*Spinks*), quoting *Allen v. McMillion* (1978) 82 Cal.App.3d 211, 214, 218; see 59 Cal.Jur.3d (2012) Trespass to Realty, § 8 [necessity of possession].)

We conclude the principles set forth in *Williams* and *Spinks* accurately describe the type of possession necessary to maintain an action for trespass to realty. Accordingly, the term "lawful possession" includes peaceable possession, which can be established by proving actual possession—that is, subjecting the land to one's will and control. (*Williams*, *supra*, 41 Cal.App.3d at p. 508.) It follows that "the plaintiff need not have legal rights in the land." (*Spinks*, *supra*, 171 Cal.App.4th at p. 1042.)

### 3. Uniform Transfers to Minors Act

During the trial, defendants argued that Veiseh's possession of the Parcel was not lawful because he was in violation of the California Uniform Transfers to Minors Act. Under the act, property transferred to a custodian for the benefit of a minor is held and managed by the custodian for the use and benefit of the minor. (Prob. Code, §§ 3904,

---

We note that Penal Code section 602 describes the crime of trespass and makes references to "the person in lawful possession." (Pen. Code, § 602, subds. (j), (k), (l).) Penal Code section 602.8, which describes a public offense involving entry onto land under cultivation or enclosed by fence, uses the phrase "the person in lawful possession of the land." (Pen. Code, § 602.8, subds. (a), (b)(2), (b)(3).)

3912, 3914.) The trial court addressed defendants' argument by finding that, following the transfer of the Parcel pursuant to the grant deed, Veiseh "continued to maintain possession and control of the [Parcel] solely for his own benefit and interest, with absolutely no intent to benefit the minor, through her custodian." The court determined Veiseh's handling of the Parcel and the benefits derived from it was not consistent with the terms of the conveyance or the California Uniform Transfers to Minors Act. Based on the failure to comply with the legislation, the court concluded Veiseh had no right of lawful possession in the Parcel during the times relevant to the alleged trespass.

Defendants' argument and the trial court's reliance on the California Uniform Transfers to Minors Act to conclude Veiseh did not have lawful possession of the property presents a narrow issue of first impression. Defendants have not cited, and we have not located, any authority for the principle that possession of real property is rendered unlawful for purposes of the tort of trespass when, contrary to the California Uniform Transfers to Minors Act, the property is not held for the use and benefit of the minor. As explained below, we conclude that Veiseh's failure to prove the Parcel was held for the benefit and use of his minor daughter did not render his possession unlawful.

First, defendants' reliance on Veiseh's failure to comply with the California Uniform Transfers to Minors Act is contrary to the general principle that a person with peaceable, actual possession of real property has standing to pursue a trespass action. (*Lightner Mining*, *supra*, 161 Cal. at p. 694; *Williams*, *supra*, 41 Cal.App.3d at p. 508.) Standing is not defeated by the fact the possessor has no legal rights to the property. (*Spinks*, *supra*, 171 Cal.App.4th at p. 1042.) Second, defendants have not referred to any statutory provision or legislative history supporting the inference that the Legislature adopted the California Uniform Transfers to Minors Act for the purpose of protecting trespassers such as defendants or, more specifically, modifying the legal standards for standing to bring an action for trespass to realty. Third, the policy considerations underlying the lawful possession element of a trespass claim do not weigh in favor of

8.

holding that a failure to comply with the California Uniform Transfers to Minors Act should bar a person in possession from seeking redress for a trespass. For instance, it does not appear the failure to hold the Parcel for the use and benefit of the minor would subject the alleged trespassers to dual lawsuits—one by the possessor and one by the custodian for the benefit of the minor. Also, defendants do not have the status of, or similar to, third-party beneficiaries of the transfer from Veiseh to the custodian. They have no identifiable interest in how the benefits or proceeds from the Parcel are allocated among Veiseh, the custodian and the minor.

Based on the foregoing, we conclude a failure to comply with one or more provisions of the California Uniform Transfers to Minors Act does not render the grantor's continued possession and control of the real property unlawful for purposes of the tort of trespass to realty. In other words, we reject defendants' invitation to create new law. We will not modify the established principles defining lawful possession by requiring a plaintiff in possession of land to also have handled the proceeds or benefits generated by that possession in accordance with the provisions of the California Uniform Transfers to Minors Act.

## II.     APPLICATION OF LAW TO THE FINDINGS OF FACT

The parties' main points of contention are resolved by our legal conclusions about the appropriate definition of lawful possession. All that remains is the relatively simple process of applying that definition of lawful possession to the trial court's findings of fact.

In its statement of decision, the trial court found "that following the transfer pursuant to the grant deed, [Veiseh] continued to maintain possession and control of the subject property solely for his own benefit and interest, with absolutely no intent to benefit the minor, through her custodian." Under the principles that define lawful possession, "[e]ven 'one in peaceable though wrongful possession of real property may

9.

sue in tort for forcible interference with that possession ....'" (*Spinks*, *supra*, 171 Cal.App.4th at p. 1042.) This principle and the explicit findings about possession and control establish that Veiseh had the lawful possession of the Parcel required to prove the tort of trespass to realty. (See *Williams*, *supra*, 41 Cal.App.3d at p. 508.) Stated from another perspective, the statement of decision erred in relying on the way record title to the Parcel was held, and the way Veiseh handled the benefits derived from his actual possession of the Parcel.

Having established the element of lawful possession, Veiseh has shown "it is reasonably probable that the trial court would have reached a result more favorable to the appellant absent the error." (*Jones v. Farmers Ins. Exchange* (2013) 221 Cal.App.4th 986, 999.) Consequently, the second phase of the bifurcated trial should be undertaken.

## DISPOSITION

The judgment is reversed, and the matter remanded to the trial court for further proceedings not inconsistent with this opinion. Appellant shall recover his costs on appeal.

_____
FRANSON, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
SNAUFFER, J.

10.