Filed 6/22/26  Lyon v. Sargent CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| LAURA LYON,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>RODGER SARGENT,<br>        Defendant and Respondent. | C103017, C103020<br><br>(Super. Ct. Nos. 24CH002235,<br>25CH000049) |
| RODGER SARGENT Individually and as Trustee, etc., et al.,<br>        Plaintiffs and Respondents,<br><br>        v.<br><br>LAURA LYON,<br><br>        Defendant and Appellant. | C103043<br><br>(Super. Ct. No. 24CV020399) |

SUMMARY OF THE APPEAL

In this consolidated appeal, appellant Laura Lyon raises three issues with respect to one civil action respondents Sargent Family Trust, Rodger Sargent, Michelle Sargent, and Lynn Sargent (the Sargents) brought again her, and two actions seeking civil harassment restraining orders that she brought against Rodger Sargent.  First, she argues that a January 17, 2025, preliminary injunction issued against her in the Sargents' action

1

is void for lack of standing, because she is not the true owner of the real property abutting the Sargents' land, and the restraining order prohibits her from taking actions related to a boundary between the two properties.  Second, she argues the trial court abused its discretion when it entered a December 17, 2024, temporary restraining order against her in the Sargents' action.  This second argument is also based on Lyon's position that the true owner of the real property that abuts the Sargents' land needed to be included in the injunction proceedings.  Finally, she argues the trial court improperly "merged" her two civil harassment actions with the Sargents' action, depriving her of a statutory right to hearings in her actions.

As a preliminary matter, Lyon's opening brief is woefully thin on factual substance, procedural details, and legal analysis, particularly given the burdens the law places on appellants to demonstrate error.  Her notices of appeal also do not sufficiently identify the December 17, 2024, restraining order as the subject of her appeals.  To the extent we can identify the scope of the issues raised by her opening brief, Lyon's arguments lack merit.

We affirm the trial court's orders.

## FACTS AND HISTORY OF THE PROCEEDINGS

Of the three actions at issue in this appeal, it appears the Sargents filed the first one, Sacramento Superior Court Case No. 24CV020399 (the Sargents' action).

According to hearing minutes regarding the trial court's orders, the Sargents' action named the Sargents as plaintiffs and Lyon as the defendant.  The Sargents' action appears to concern (1) a fence and gates located on the Sargents' land; and (2) the use by abutting property owners and/or authorized users to portions of a road adjacent to those gates and fence to access the abutting property.  According to the minutes, the complaint in the Sargents' action "includes 13 causes of action, including claims for trespass to property, private nuisance, conversion, and trespass to timber."

2

Sometime before November 4, 2024, the Sargents sought a preliminary injunction in their action. Though the temporary restraining order is not identified as a separate filing by the clerk in the clerk's transcript for the Sargents' action, Lyon attached to her opposition to the preliminary injunction a December 17, 2024, temporary restraining order issued to enjoin her actions pending a January 15, 2025, hearing on the Sargents' request for a preliminary injunction. The temporary restraining order enjoined Lyon from engaging in self-help related to the boundary dispute including removing, destroying, or altering fences, structures, or improvements along the property line. It also prohibited Lyon from trespassing on the Sargents' property, interfering with the Sargents' lawful use and enjoyment of the property, and asserting ownership over or taking action concerning the disputed boundary of the property. The order allowed the Sargents to "reconstruct a fence along the property line, where [a] prior fence stood, and as established by [a] survey, free from interference, harassment, or obstruction by [Lyon], her agents, or representatives."

On December 23, 2024, Lyon filed Sacramento Superior Court Case No. 24CH002235 (Lyon's first action). Lyon's first action sought a civil harassment restraining order protecting her from Rodger Sargent. The trial court denied Lyon's request for a temporary restraining order that would require Rodger Sargent to stay away from Lyon pending a hearing on her request for a civil harassment restraining order, which the trial court set for January 17, 2025.

On January 9, 2025, Lyon filed Sacramento Superior Court Case No. 25CH000049 (Lyon's second action). Lyon's second action also sought a civil harassment restraining order protecting her from Rodger Sargent. The trial court granted a temporary restraining order in Lyon's second action and scheduled a hearing on the request for January 31, 2025.

On January 15, 2025, the department assigned to hear the request for a preliminary injunction in the Sargents' action issued a minute order stating it would hear Lyon's first

3

and second actions and the motion for a preliminary injunction in the Sargents' action at the same time on January 17, 2025.

Following the January 17, 2025 hearing, the trial court denied Lyon's requests for civil harassment restraining orders in both her actions. The court also vacated the January 9, 2025, temporary civil harassment restraining order entered in Lyon's second action.

The court granted a preliminary injunction in the Sargents' action on similar terms as the temporary restraining order it had previously granted in the Sargents' action.

On January 27, 2025, Lyon filed a notice of appeal in the Sargents' action. She identified the January 17, 2025, order as the one from which she was appealing. We assigned the appeal case No. C103043.

On January 29, 2025, Lyon filed notices of appeal in Lyon's first and second actions. On both notices, Lyon identified the orders from which she was appealing as dated January 17, 2025. We assigned the appeals case Nos. C103017 and C103020, respectively.

On April 9, 2025, this court issued an order consolidating all three appeals. We consolidated case Nos. C103017 and C103020 for all further appellate proceedings, and case No. C10343 for purposes of briefing, oral argument, and decision.

DISCUSSION

*I*

*Principles of Appellate Review*

" '[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) 'This means that an appellant must do more than

4

assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619-620.)

In keeping with the presumption of correctness and the attendant burden, the California Rules of Court also require an appellant's opening brief to, "[s]tate the nature of the action, the relief sought in the trial court, and the judgment or order appealed from"; "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable; and," "[p]rovide a summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(A), (B) & (C).)

" '[T]he leading California appellate practice guide instructs' " regarding the requirement to provide a summary of the facts: " ' "Before addressing the legal issues, your brief should accurately and fairly state the critical facts (including the evidence), free of bias; and likewise as to the applicable law. [¶] Misstatements, misrepresentations and/or material omissions of the relevant facts or law can instantly 'undo' an otherwise effective brief, waiving issues and arguments; it will certainly cast doubt on your credibility, may draw sanctions [citation], and may well cause you to lose the case!" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2010) ¶ 9:27, p. 9-8 … , italics omitted.)' " (*Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1166.)

Lyon's opening brief is lean on both facts and procedural background—e.g., it does not summarize the causes of action or evidence presented by the respondents to support their request for injunctive relief. She has not satisfied her burden to provide an unbiased version of critical facts.

Once an appellant has identified the nature of the action, the relief sought in the trial court, and the rulings that are the subject of an appeal, they can then tailor their

5

arguments to the standard of review applicable to the rulings they challenge. (See *Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388 [Arguments in appellate briefs "should be tailored according to the applicable standard of appellate review"].) Indeed, "[f]ailure to acknowledge the proper [scope of review is] a concession of lack of merit." (*James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1021.) Here, Lyon reserved any meaningful effort to address the standard of review for her reply.

Before the briefing process even begins, an appellant must file a notice of appeal in the Superior Court that, "identifies the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) We construe notices of appeal liberally. (*Ibid.*)

"Generally speaking, the scope of the issues on appeal is determined by the appellant's opening brief; that is, the issues presented through reasoned argument in an appellant's opening brief are normally the only bases upon which [the court] will reverse the judgment or order challenged on appeal." (*People v. Hannon* (2016) 5 Cal.App.5th 94, 104.) With respect to arguments raised, each point must be stated, "under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) Relatedly, " ' "arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." ' [Citation.] Accordingly, courts will not consider such an argument 'absent a showing why the argument could not have been made earlier.' [Citation.]" (*Starr v. Mayhew* (2022) 83 Cal.App.5th 842, 854.) As such, we have identified the issues in this appeal using the headings contained in the arguments portion of appellant's opening brief. To the extent Lyon believes we have missed or misconstrued her arguments, it is due to her failure to properly identify her arguments in her opening brief.

Self-represented parties are held to the same procedural rules as an attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

6

## II

### Standing

In her first argument, Lyon argues that the January 17, 2025, restraining order issued against her was issued against a "Non-Owner" and, therefore, there was no "standing" to issue the preliminary injunction. This argument lacks merit.

"Standing is a threshold issue necessary to maintain a cause of action, and the burden to allege and establish standing lies with the plaintiff." (*Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 809.)

" ' "As a general principle, standing to invoke the judicial process requires an actual justiciable controversy as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented to the adjudicator. [Citations.] To have standing, a party must be beneficially interested in the controversy; that is, he or she must have 'some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large.' [Citation.] The party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical." [Citation.]' (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 599, italics omitted.)" (*People ex rel. Becerra v. Superior Court* (2018) 29 Cal.App.5th 486, 495-496.)

Here, with their preliminary injunction and with the temporary restraining order, the Sargents' sought to have Lyon stop destroying fences and other structures on the property line in dispute, trespassing, or otherwise interfering with their lawful enjoyment of their property while their action, which included a cause of action for trespass, was pending. "The essence of the cause of action for trespass is an 'unauthorized entry' onto

7

the land of another." (*Civic Western Corp. v. Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 16.)

The Sargents' interest in preventing Lyon from engaging in trespass or behavior that otherwise harmed their property interest was not dependent on her being the owner of the real property abutting their property or on the true owner being joined to the action. If Lyon owned no property and lived and worked in a different state, the Sargents would still have a beneficial interest in preventing Lyon from tearing down fences and otherwise destroying property on the land they possess, trespassing on that land, and otherwise engaging in behavior that disrupted their use and enjoyment of the land. (See *Veiseh v. Stapp* (2019) 35 Cal.App.5th 1099, 1105 [proper person to bring an action for trespass is the person who occupies and controls the land upon which alleged trespass occurs].)

The citations Lyon relies upon to convince us the true owner needed to be identified before the trial court could enjoin her behavior do not persuade us otherwise.

On its face, Code of Civil Procedure section 367 says nothing about when a property owner must be named in an action. (Code Civ. Proc., § 367 ["Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute"].) Lyon has provided us with no authority or analysis to explain why the statute might bar the Sargents' action and motions for injunctive relief to protect their property. *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359 also says nothing about standing or the presence of real property owners as parties to an action. We will not develop Lyon's arguments for her. (See *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.)

## III

### *The Temporary Restraining Order*

Lyon's second argument is similar to her first: she argues the "December 17, 2024 Injunction" was an abuse of discretion, because the trial court "ignored ownership

records and survey maps" when it made the order. Based on this argument, it seems that Lyon intended to appeal a December 17, 2024, temporary restraining order issued in the Sargents' action. However, the notice of appeal in Lyon's action against the Sargents does not identify the December 17, 2024, temporary restraining order as a subject of the appeal. Given the procedural history of the Sargents' action—which included both the temporary restraining order and the preliminary injunction—the December 17, 2024, order is not reviewable here.

" '[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been *misled* or prejudiced.' " (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1249, italics added.) " ' "[W]here several judgments and/or orders occurring close in time are separately appealable … , each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal." ' (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43; accord, *Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1171.)" (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.)

"All orders granting or refusing either a temporary restraining order or a preliminary injunction are directly appealable. (Code Civ. Proc., § 904.1, subd. (f).)" (*Courtesy Temp. Serv. v. Camacho* (1990) 222 Cal.App.3d 1278, 1286.)

Because the notice of appeal in the Sargents' case only identifies January 17, 2025, as the date upon which an appealed judgment or order was entered, and it makes no mention of the December 17, 2024 order, it is misleading. The notice suggests only the January 17, 2025, order is at issue. We cannot review the December 17, 2025, temporary restraining order under this notice.

9

*IV*

*Due Process Argument*

In her third argument, Lyon argues that her first and second actions were "merged" into the civil case without a court order or hearing," depriving her of her right to a hearing under Code of Civil Procedure section 527.6, subdivision (g), and Rule 3.1152. She argues the declarations filed by the deputy clerk of the Sacramento Superior Court in this consolidated appeal prove her actions were "merged" into the civil actions below. This argument is confusing, but presumably Lyon's position is that the orders issued in her actions on January 17, 2025, were improper because the trial court considered her actions at the same time it considered the Sargents' request for a preliminary injunction in their action. She argues the July 7, 2025, declarations issued by the deputy clerk of the Sacramento Superior Court confirm the trial court erred.

First, the declarations issued by the deputy clerk of the Sacramento Superior Court do not say the trial court merged Lyon's first and second actions into the Sargents' action. They only reflect that this court has consolidated the appeals on Lyon's first and second actions.

Second, the record only reflects that it heard the merits of the motion for a preliminary injunction in the Sargents' action and Lyon's first and second action at the same hearing, not that it merged the actions for all purposes.

Third, and most importantly, nothing in the statute, rule, or cases Lyon cites supports the position that she was entitled to *separate* hearings for her requests. While Code of Civil Procedure section 527.6, subdivision (g), sets a timeframe for courts to have a hearing regarding a request for a restraining order, it does not require the hearing to occur separately from other hearings involving the same parties. California Rules of Court, rule 3.1152, has been renumbered to rule 3.1160, which also does not prohibit hearing a request for a restraining order at the same time as a hearing in a related case.

*People v. Allen* (2008) 44 Cal.4th 843 addresses the constitutional rights of a sexually violent predator to testify on his own behalf in a proceeding that extended his commitment to a state mental hospital by two years. (*Id.*, at pp. 848-849.) These authorities are all inapplicable to the facts here.

## V

### *Request for Judicial Notice*

In her opening brief, Lyon requests we take judicial notice of various documents. This request does not comply with California Rules of Court, rule 8.252, which requires a party to file and serve a separate motion for judicial notice and proposed order. We deny the request based on its improper form.

## DISPOSITION

The trial court's orders are affirmed. The Sargents are entitled to their costs on appeal under California Rules of Court, rule 8.278(a)(1) and (2).


/s/ _____
HULL, Acting P. J.

We concur:


/s/ _____
KRAUSE, J.


/s/ _____
MESIWALA, J.